**Donald E. DERFLINGER, Plaintiff–Appellant,**

v.

**FORD MOTOR COMPANY, Defendant–Appellee.**

No. 88–1509.

United States Court of Appeals, Fourth Circuit.

Argued Nov. 2, 1988.

Decided Jan. 25, 1989.

Rehearing and Rehearing In Banc Denied Feb. 22, 1989.

**108**

Kennon C. Walden, Jr. (Walden & Walden, P.C., Blackstone, Va., on brief), for plaintiff-appellant.

David Henry Worrell, Jr. (William H. King, Jr., McGuire, Woods, Battle & Boothe, Richmond, Va., John M. Thomas, Ford Motor Co., Dearborn, Mich., on brief), for defendant-appellee.

Before PHILLIPS, Circuit Judge, BUTZNER, Senior Circuit Judge, and BOYLE, United States District Judge for the Eastern District of North Carolina, sitting by designation.

BUTZNER, Senior Circuit Judge:

Donald E. Derflinger, Sr., appeals from entry of summary judgment in favor of the defendant, Ford Motor Company, assigning error to the district court's ruling that lack of privity barred his action. In *Pierce v. Ford Motor Co.*, 190 F.2d 910, 913–15 (4th Cir.1951), we held that despite lack of privity, Virginia imposed liability on a manufacturer who negligently furnished a defective article that was imminently dangerous without notice of the defect. Because *Pierce* governs this case, we vacate the judgment of the district court and remand for further proceedings.

## I

Derflinger filed this diversity action seeking damages for personal injuries he sustained in an accident in Lunenburg County, Virginia, in 1985. Derflinger was using his 1951 Ford farm tractor to tow an automobile, when the tractor overturned, severely injuring him. He alleged that Ford was negligent because it defectively designed and manufactured the tractor and failed to warn of its defects. Because Derflinger had purchased the tractor from a neighboring farmer, the district court held that lack of privity with Ford barred his negligence action. The district court relied on *General Bronze Corp. v. Kostopulos*, 203 Va. 66, 122 S.E.2d 548 (1961). Ford asserts that *General Bronze* established that the only exceptions in Virginia common law to the requirement of privity in negligence actions were for foodstuffs and inherently dangerous products.[1]

## II

The Supreme Court of Virginia has long recognized a distinction between a product that is inherently dangerous and one that is imminently dangerous. "A product is inherently dangerous when the danger of injury stems from the product itself and not from any defect in it." *General Bronze*, 203 Va. at 70, 122 S.E.2d at 551. In contrast, an imminently dangerous article is one "which by reason of defective construction or otherwise, is imminently dangerous to life or property...." *Robey v. Richmond Coca–Cola Bottling Works*, 192 Va. 192, 196, 64 S.E.2d 723, 726 (1951) (quoting 3 Cooley, *Torts*, § 498 at 467 (4th ed. 1932)).

The common law of Virginia recognized that privity was unnecessary to maintain an action against the manufacturer of an inherently dangerous product. *See Gener-*

---

**1.** In *Farish v. Courion Industries,* 754 F.2d 1111 (4th Cir.1985), we held that §§ 8.01–223 and 8.2–318 of Va.Code Ann., which abolished the privity defense, did not apply retroactively to an injury caused by a product sold by the manufacturer before the enactment of the statutes. Ford's sale preceded the statutes, and, consequently, they are not relevant to this action. Virginia common law is applicable to Derflinger's claim.

*al Bronze,* 203 Va. at 70, 122 S.E.2d at 551; *Robey,* 192 Va. at 196, 64 S.E.2d at 726. But at the time *Pierce,* 190 F.2d 910, was decided, the Virginia Supreme Court had not specifically addressed the issue of privity in the context of an action to recover damages for negligence when a manufacturer sold a product that was imminently, but not inherently, dangerous.

*Pierce* dealt with an action brought by persons not in privity with the manufacturer to recover damages for personal injuries allegedly caused by a loose turnbuckle on a new car. Reversing summary judgment in favor of the manufacturer, Chief Judge Parker, writing for the court, held that Virginia in concert with other states would follow *MacPherson v. Buick Motor Co.,* 217 N.Y. 382, 111 N.E. 1050 (1916). *Pierce* relied on dicta in *Robey,* which discussed *MacPherson,* and on dicta in *Standard Oil Co. v. Wakefield's Adm'r,* 102 Va. 824, 47 S.E. 830 (1904), which, in the view of the federal court, anticipated the principles on which *MacPherson* is based. *See Pierce,* 190 F.2d at 914.

*MacPherson* held that in an action alleging negligence to recover damages for personal injuries lack of privity was not available as a defense to a manufacturer that negligently equipped a car with a defective wheel. Judge Cardozo, writing for the New York Court of Appeals, brushed aside the subtle distinction between inherently dangerous and imminently dangerous products, saying: "If danger was to be expected as reasonably certain, there was a duty of vigilance, and this whether you call the danger inherent or imminent." 111 N.E. at 1055. It was Judge Cardozo's explanation that the probability of harm is the basis of a manufacturer's liability that commended *MacPherson* to courts throughout the United States. *See* 3 Harper, James & Grey, *The Law of Torts* § 18.5 at 708–09 (2d ed. 1986).

In *Robey,* 64 S.E.2d at 726, the Supreme Court of Virginia found it unnecessary to apply *MacPherson*'s doctrine because the

defendant was not negligent. Consequently, without deciding, it assumed that lack of privity was not a defense.

Dicta in *Olds v. Wood,* 196 Va. 960, 964, 86 S.E.2d 32, 34 (1955), observed that any person can recover against a negligent manufacturer of an imminently dangerous product that causes personal injury. The reference to "any person" indicates that privity was not required. Nevertheless, as in *Robey,* decision rested on the plaintiff's failure to prove that the manufacturer was negligent.

The Supreme Court discussed *MacPherson* in *H.M. Gleason and Co. v. International Harvester,* 197 Va. 255, 88 S.E.2d 904 (1955), which involved charges of breach of warranty and negligence against Harvester. First, the Court dismissed the warranty claim for lack of privity.[2] If the Supreme Court had decided to reject the *MacPherson* doctrine, it would have also dismissed the negligence count against Harvester for lack of privity. Instead it carefully distinguished *MacPherson* on the ground that Harvester was not negligent. As in *Robey,* the Court stated that it was unnecessary to decide whether to accept *MacPherson*'s rule.

Again, in *Harris v. Hampton Roads Tractor & Equipment Co.,* 202 Va. 958, 121 S.E.2d 471 (1961), the Supreme Court upheld the dismissal of a warranty claim for lack of privity. Significantly, however, it did not dismiss the negligence count for lack of privity. Instead, without mentioning *MacPherson,* it noted that the trial court submitted the negligence question to the jury. The jury found for the defendant, and the Supreme Court held that the evidence was sufficient to sustain the verdict.

*General Bronze,* 203 Va. 66, 122 S.E.2d 548, on which Ford primarily relies, was decided the same year as *Harris.* Again, the Supreme Court found it unnecessary to discuss *MacPherson.* The trial court had dismissed for lack of privity a breach of warranty count claiming that leaky doors

---

**2.** It is undisputed that Derflinger cannot recover against Ford for breach of express or implied warranty. The defense of lack of privity in an action to recover damages for breach of warranty was not abolished until the enactment of Virginia Code § 8.2–318 in 1962.

furnished a motel were defective, and the Supreme Court affirmed on this issue. The trial court, as in *Harris*, had submitted the negligence count to the jury which returned a verdict for the motel owner. The Supreme Court held the trial court erred by failing to direct a verdict for the manufacturer because the evidence was insufficient to show negligence. 203 Va. at 69, 122 S.E.2d at 550.

The Court noted that the manufacturer also asserted a defense based on the fact that property was damaged. Apparently this defense had not been raised in previous cases. The manufacturer argued that the motel owner could not recover because lack of privity barred his negligence action for injury to property caused by a product that was not inherently dangerous. *See* 203 Va. at 69, 122 S.E.2d at 551. The Supreme Court agreed, citing an annotation to the effect that privity was required to recover against a negligent manufacturer who sold defective "building supplies" unless the jurisdiction had abolished privity "in toto." 203 Va. at 69, 122 S.E.2d at 551. The Court remarked that Virginia had not abolished privity in toto, but that it did not require privity for recovery for breach of warranty with regard to food or in negligence when a product was inherently dangerous. It then held that the doors were not inherently dangerous. To emphasize that its decision was narrowly circumscribed, the Court said: "The present action is not such a case as may be maintained on the basis of negligence without privity of contract." 203 Va. at 70, 122 S.E.2d at 551. Virginia's requirement that privity be shown in an action based on negligence when a product damaged only property was not unique. *See* Harper, James & Gray, *The Law of Torts* § 18.5 at 709 (2d ed. 1986).

*Robey, Olds, Gleason, Harris*, and *General Bronze* disclose that the Supreme Court of Virginia has had no occasion to decide whether lack of privity bars a tort action for personal injuries caused by the negligent manufacture of an imminently dangerous product. In view of the Supreme Court's familiarity with Judge Cardozo's reasoning and the Court's careful consideration of privity in a variety of circumstances, we cannot assume that in *General Bronze*, a case that did not involve personal injury, the Court rejected *MacPherson* and adopted a position that would put it at odds with other states. The absence of any mention of *MacPherson*, although the briefs cited the case, and of any explanation for rejecting a principle that had been so widely adopted persuades us that *General Bronze* does not have the broad significance that Ford and the district court attribute to it.

*Stare decisis* requires us to adhere to this court's understanding of Virginia law as expressed in *Pierce*, 190 F.2d 910. In this respect, the principles that guide us are stated in *Broussard v. Southern Pacific Transp. Co.*, 665 F.2d 1387, 1389 (5th Cir.1982):

> The general rule in this Circuit is that one panel cannot overrule another panel. This rule applies with equal force to cases in which state law supplies the substantive rule of decision: "We are bound by this Court's prior decisions on what is the law of a state in a diversity case, just as we are bound by prior decisions of this Court on what is federal law." Moreover, a prior panel decision "should be followed by other panels with regard to any alleged existing confusion in state law, absent a subsequent state court decision or statutory amendment which makes this Court's [prior] decision clearly wrong." Simply stated, *"[s]tare decisis* requires that we follow our earlier determination as to the law of a state in the absence of any subsequent change in the state law."* (citations omitted).

The judgment of the district court is vacated, and the case is remanded for further proceedings. Derflinger shall recover his costs.