UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　　*Plaintiff-Appellee,*

v.

DAMON LUCKY MITCHELL, a/k/a
Country, a/k/a Jayquan Knight,
　　　　　　*Defendant-Appellant.*

No. 00-4808

Appeal from the United States District Court
for the Northern District of West Virginia, at Martinsburg.
W. Craig Broadwater, District Judge.
(CR-00-29)

Submitted: July 30, 2002

Decided: September 23, 2002

Before NIEMEYER, WILLIAMS, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

James F. Sumpter, JAMES F. SUMPTER, P.C., Richmond, Virginia, for Appellant. Thomas E. Johnston, United States Attorney, Robert H. McWilliams, Jr., Assistant United States Attorney, Wheeling, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Damon Lucky Mitchell appeals from his 219-month sentence imposed after he pled guilty to one count of distribution of 1.72 grams of crack cocaine. On appeal, Mitchell argues that the district court's use of relevant conduct under *U.S. Sentencing Guidelines Manual* § 1B1.3 (2000) violates the Due Process Clause of the United States Constitution. After reviewing the record and briefs on appeal we find no error.

Although Mitchell pled guilty to the distribution 1.72 grams of crack cocaine, the district court considered evidence presented at sentencing and the pre-sentence report, and found that Mitchell was responsible for between 500 grams and 1.5 kilograms of crack cocaine, employing the relevant conduct provision of USSG § 1B1.3. Mitchell's broad challenge to his sentence is that the consideration of relevant conduct violates the Due Process Clause. Because Mitchell did not challenge the constitutionality of relevant conduct at the sentencing hearing, we review the issue for plain error. *United States v. Olano*, 507 U.S. 725, 732 (1993).

We have identified three specific challenges to relevant conduct in Mitchell's argument. All three are without merit because they are contrary to Fourth Circuit caselaw. Mitchell argues that the application of the relevant conduct provision of the Sentencing Guidelines violates the Due Process Clause because it permits consideration of hearsay testimony, permits a finding of quantity by a preponderance of the evidence, and permits consideration of conduct in dismissed counts. First, this court has held that "there is no bar to the use of hearsay in sentencing." *United States v. Love*, 134 F.3d 595, 607 (4th Cir. 1998). Second, this court has upheld the preponderance of the evidence standard for use in determining quantity within the sentencing range. *See United States v. Kinter*, 235 F.3d 192, 199-202 (4th

Cir. 2000), *cert. denied*, 532 U.S. 937 (2001) (holding *Apprendi* does not apply to judge's exercise of discretion within statutory range, so long as the sentence imposed does not exceed the statutory maximum). Third, we have repeatedly upheld the use of dismissed conduct in determining the sentence. *See, e.g.*, *United States v. Barber*, 119 F.3d 276, 284 (4th Cir. 1997).

This court has repeatedly stated that one panel is bound to adhere to the published decisions of prior panels of this court; therefore this panel may not grant Mitchell the relief he seeks. *See, e.g*, *Norfolk & Western Ry. Co. v. Director, OWCP*, 5 F.3d 777, 779 (4th Cir. 1993); *Brubaker v. City of Richmond*, 943 F.2d 1363, 1381-82 (4th Cir. 1991); *Derflinger v. Ford Motor Co.*, 866 F.2d 107, 110 (4th Cir. 1989); *Hutchins v. Woodard*, 730 F.2d 953, 957 (4th Cir. 1984).

We therefore conclude that Mitchell's due process challenge to the relevant conduct provision of the Sentencing Guidelines fails. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*