PAYNE, Senior District Judge,
concurring in part and concurring in the judgment:
I agree with the majority that Whitley’s sentence is substantively reasonable. However, for the reasons that follow, I submit that Whitley’s asserted procedural error should be reviewed under the plain error standard; that there was plain error; but that the error did not affect Whitley’s substantial rights.
I.
Whitley and the government disagree about the applicable standard of review of the alleged procedural error. Whitley contends that the abuse of discretion standard applies. The government contends that the plain error standard of review controls because the challenges raised by Whitley are presented for the first time on appeal.
In United States v. Lynn, 592 F.3d 572, 576 (4th Cir.2010), the Court held “that plain-error review applies when a party lodges an objection to the sort of procedural sentencing error at issue here [inadequate explanation of sentencing] for the first time on appeal.” Id. at 577. See United States v. Hargrove, 625 F.3d 170, 183-84 (2010) (pointing out that Lynn called for plain error review when a procedural sentencing error is raised for the first time on appeal). Also, in Lynn, the Court explained how a party can preserve a claim of procedural sentencing error. The Court stated that, “fb]y drawing arguments from § 3553 for a sentence different than the one ultimately imposed, an aggrieved party sufficiently alerts the district court of its responsibility to render an individualized explanation addressing those arguments, and thus preserves its claim.” Id. at 578 (emphasis added). Later, in United States v. Boulware, 604 F.3d 832, 838 (4th Cir.2010), citing Lynn, the Court held that “arguments made under § 3553(a) for a sentence different than the one that is eventually imposed are sufficient to preserve claims that the district court erred in not adequately explaining its rejection of the sentencing arguments.” (emphasis added).
II.
In Gall v. United States, 552 U.S. 38, 40, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007), the Supreme Court identified several kinds of procedural errors that can occur at sentencing. Among them was “failing to adequately explain the chosen sentence-including an explanation for any deviation from the Guidelines range.” Gall, 552 U.S. at 51, 128 S.Ct. 586. Whitley contends that:
[t]he district court procedurally erred when it failed to specify at the sentencing hearing whether it departed or varied in imposing a sentence that doubled the guideline range. This error resulted in a failure to adequately explain its decision to impose the 120 month sentence and, therefore, the sentence must be vacated.
Appellant’s Brief, at 10. Thus, Whitley raises the kind of procedural error that is identified in the last phrase of the exemplary list of procedural errors provided in Gall.
*161 To decide whether Whitley preserved that error, it is necessary to determine whether, in the sentencing proceedings, Whitley drew “ ‘arguments from § 3553 for a sentence different than the one ultimately imposed....’” United States v. Powell, 650 F.3d 388, 395 (4th Cir.2011) (citation omitted) (emphasis in original); Boulware, 604 F.3d at 838; Lynn, 592 F.3d at 578. The arguments necessary to preserve an error of this sort can be set forth in written sentencing positions filed before the sentencing hearing or in arguments made at the hearing. Neither Whitley nor the government filed a written pre-sentencing submission. Therefore, the record at the sentencing hearing must be examined to see whether there Whitley drew any argument from § 3553(a) for a sentence that was different than the one the court ultimately imposed. The record demonstrates that he did not.
In his sentencing argument, Whitley’s counsel made four points: (1) that Whitley had made a bad decision for which he had “accepted responsibility” and “entered a plea agreement;” (2) that Whitley had suffered in his personal life for that bad decision and had been forced into bankruptcy; (3) that Whitley’s wife had divorced him and his children had “alienated him;” and (4) that “his property has been foreclosed on.” Having made those points, counsel then said, “we ask that you sentence him to a sentence within the guideline range.”[1]
Quite clearly, Whitley’s arguments for a within-Guideline sentence cannot be said to be drawn from the factors in §§ 3553(a)(2)-(7). That leaves § 3553(a)(1), “the nature and circumstances of the offense and the history and characteristics of the defendant.” Whitley’s sentencing points do not refer to “the nature and circumstances of the offense.” Nor can the four points raised in Whitley’s sentencing argument be fairly related to either his history or characteristics. Rather, in one way or another, each point makes note of how the offense has affected Whitley (points (2)-(4)) or recites a neutral fact, acceptance of responsibility by pleading guilty, (point (1)).
The oblique references to the effects of Whitley’s crime on him and to the fact of a guilty plea, like the oblique references in United States v. Powell, do not “ ‘sufficiently alert the district court of its responsibility to render an individualized explanation addressing those arguments’ under § 3553” (quoting Lynn, 592 F.3d at 578). In sum, Whitley did not “‘draw[] arguments from § 3553 for a sentence different than the one ultimately imposed,’ ” and thus, even under the quite lenient standard for preservation of such an error that the Court has adopted, Whitley did not preserve the procedural error that he now asserts.
III.
To demonstrate plain error, Whitley is obligated to establish that: (1) the trial court erred, (2) the error is clear and obvious, and (3) the error affected his substantial rights. United States v. Olano, 507 U.S. 725, 732-34, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993); Hargrove, 625 F.3d at 184. If Whitley discharges that responsibility, the Court has discretion to recognize the error, but need not do so unless it “seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.” Olano, 507 U.S. at 736, 113 S.Ct. 1770 (quotations and alterations omitted); Hargrove, 625 F.3d at 184.
Whether an error is plain is judged “ ‘at the time of appellate consideration.’ ” *162 Henderson v. United States, — U.S. —, 133 S.Ct. 1121, 1130, 185 L.Ed.2d 85 (2013) (citing Johnson v. United States, 520 U.S. 461, 468, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997)). That is so even if the issue was previously unsettled. Id.
A.
Whitley argues that the procedural error occurred here because, in imposing the non-Guideline sentence, the district court did not specify whether the sentence was one chosen by way of departure or by way of variance. For that reason, says Whitley, the sentence was not adequately explained and meaningful appellate review has been foreclosed. To Whitley, the failure to articulate the mode of deviation from the Guidelines is of particular significance because the PSR identified a possible predicate for departure under U.S.S.G. § 2Bl.l(b)(l) and then outlined the findings necessary to depart thereunder, none of which did the district mention in imposing the sentence. Whitley also posits other possible bases for departure that the district court may have had in mind, but about which it did not remark. In perspective of the availability of these possible predicates for departure, it is argued that the district court’s failure to express whether it was departing or varying constituted procedural error.
In support of his argument, Whitley cites United States v. Diosdado-Star, 630 F.3d 359, 365 (4th Cir.2011). However, Diosdado-Star actually is contrary to the substance of Whitley’s position because it reasons from the premise that the terms “departure” and “variance” are interchangeable terms, id. at 364-65, a concept that is the polar opposite of Whitley’s position. And, Diosdado-Star holds that “the method by which the district court deviates from the Guidelines range does not alter (1) the review in which courts of appeals must engage, or (2) the justification the district court must provide,” id. at 365, holdings that are antithetical to the core of Whitley’s argument. Thus, although Whitley’s argument pays lip service to Diosdado-Star, in substance, his argument proceeds from the premise that a non-Guideline sentence cannot be meaningfully explained or reviewed unless the district court actually articulates whether the methodology of departure or the methodology of variance is the means of deviating from the Guideline range, disposes of any possible ground for departure, and then keys its explanation of the imposed sentence to the chosen means of deviation.
Whitley’s substantive position finds support in Irizarry v. United States, 553 U.S. 708, 714, 128 S.Ct. 2198, 171 L.Ed.2d 28 (2008) which clarifies that, comments to the contrary in Gall notwithstanding, “variances” and “departures” are quite different kinds of sentencing modes. A variance is a sentence outside the advisory Guideline range, the imposition of which depends on an analysis of the factors in § 3553(a). A departure is a sentence outside the advisory Guideline range that depends on an analysis of the applicable departure provisions in the Guidelines. Irizarry, 553 U.S. at 714-15, 128 S.Ct. 2198.[2]
Those differences are significant at the district court level because whether to depart requires a different analysis than that required in deciding whether to vary. *163 And, the differences are significant on appellate review, inter alia, because the standard of review for a departure is de novo, see Pepper v. United States, — U.S. —, 131 S.Ct. 1229, 1244, 179 L.Ed.2d 196 (2011), whereas variances are reviewed for abuse of discretion.
Whitley’s argument finds further support in the Guidelines, specifically Chapter One, Part B General Application Principles, § 1B1.1 Application Instructions, which provides:
(a) The court shall determine the kinds of sentence and the guideline range as set forth in the guidelines by applying the provisions of this manual in the following order, except as specifically directed: [stating that the court shall determine the range as set forth in §§ lBl.l(a)(l)-(7) by applying Chapters Two, Three, Four and Five, and then determine the sentencing requirements and options (8).]
(b) The court shall then consider Parts H and K of Chapter Five, Specific Offender Characteristics and Departures, and any other policy statements or commentary in the guidelines that might warrant consideration in imposing sentence. See 18 U.S.C. § 3553(a)(5).
(c) The court shall then consider the applicable factors in 18 U.S.C. § 3553(a) taken as a whole. See 18 U.S.C. § 3553(a).
U.S.S.G. § 1B1.1 (Nov. 1, 2012) (emphasis added) (hereafter “§ 1B1.1”).
The Court, of course, is bound by the General Application Principles and the Application Notes in interpreting the Guidelines. United States v. Price, 711 F.3d 455, 458 (4th Cir.2013) (citing United States v. Hudson, 272 F.3d 260, 263 (4th Cir.2001); United States v. Banks, 130 F.3d 621, 624 (4th Cir.1997)). That is so because even after the Guidelines were held to be advisory,[3] they “continue to play an important role in the sentencing process.” United States v. Dean, 604 F.3d 169, 173 (4th Cir.2010).[4]
Further, it is settled that “[t]he Sentencing Commission promulgates the guidelines by virtue of an express congressional delegation of authority for rulemaking,” and thus, “the guidelines are the equivalent of legislative rules adopted by federal agencies.” Stinson v. United States, 508 U.S. 36, 44-45, 113 S.Ct. 1913, 123 L.Ed.2d 598 (1993). And, as this Court has put it: “[t]he [Sentencing] Commission’s interpretive commentary is ‘akin to an agency’s interpretation of its own legislative rules,’ ” and “is therefore entitled to substantial deference.” United States v. Mason, 284 F.3d 555, 559 (4th Cir.2002) (citations omitted). “As a result, Guidelines commentary that ‘interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline.’ ” Id. (quoting Stinson, 508 U.S. at 38, 113 S.Ct. at 1915). In United States v. Hood, 628 F.3d 669 (4th Cir.2010), well after Booker made the Guidelines advisory, the Court, in deciding *164 the meaning of crime of violence, recognized the continuing force of Stinson.[5]
The amendment that is reflected in § 1B1.1 was implemented to help secure consistency in the application of the Guidelines after they were made advisory by Booker. As the majority opinion explains, Diosdado-Star did not mention Irizarry or § 1B1.1 which took effect on November 1, 2010, almost three months before Diosda-do-Star was issued and slightly more than a month before arguments were heard. Also, the briefs in Diosdado-Star were filed before the amendment took effect, and they do not mention the amendment.
The Reason for Amendment section accompanying the amendment to § 1B1.1 points out that, after Booker, most circuits, including this one, used the three-step approach specified in the amendment and, indeed, cites United States v. Moreland, 437 F.3d 424, 433 (4th Cir.2006), as support for that approach. The same section articulated that “[a] ‘variance’ — ie., a sentence outside the guideline range other than as provided for in the Guidelines Manual [a departure] — is considered by the couH only after departures have been considered,.” Amendment 741 (Effective Date: Nov. 1, 2010; 2011 WL 5984683, at *11-13 (emphasis added)).
Hence, the sentencing catechism in effect at the time of appellate consideration recognizes that there are significant differences between “departures” and “variances,” and requires that, before varying, a court must first consider whether a departure sentence is in order. And, that logically means that an adequate explanation of a non-Guideline sentence should state whether the deviation from the Guidelines is by way of departure or by way of variance. And, where, as here, there is an available ground of departure identified in the PSR, the district court would have to address (and accept or reject) that ground before imposing a variance sentence.
B.
Thus, on appeal, the Court is confronted with Guideline provisions that are at squarely odds with a published opinion issued by the panel of this Court in Dios-dado-Star. At the same time, Henderson necessitates application of the law in effect at the time of appellate consideration. If, as I understand to be the rule, deference is owed to § 1B1.1, a regulation that has the force of law, it would appear that this panel could not follow Diosdado-Star to apply the law in effect at the time of appellate consideration.
However, under the principle of interpa-nel accord, “customarily a panel considers itself bound by the prior decision of another panel, absent an in banc overruling or a superseding contrary decision of the Supreme Court.” Busby v. Crown Supply, Inc., 896 F.2d 833, 840-41 (4th Cir.1990); see also Mentavlos v. Anderson, 249 F.3d 301, 312 n. 4 (4th Cir.2001) (“[A] panel of this court cannot overrule, explicitly or implicitly, the precedent set by a prior panel of this court. Only the Supreme Court or this court sitting en banc can do that.”).
The principle of interpanel accord, however, is not inflexible. For example, in Derflinger v. Ford Motor Co., 866 F.2d 107, 110 (4th Cir.1989), the Court applied the principle of interpanel accord, but noted that a previous panel decision would not *165 be followed where there was a subsequent statutory amendment (there a subsequent change in an applicable state statute in a diversity case) that makes the previous decision wrong. In United States Dep’t of Health & Human Servs. v. Fed. Labor Relations Auth., 983 F.2d 578, 581-82 (4th Cir.1992), the Court explained that “[a] decision by a panel of this court, or by the court sitting en banc does not bind subsequent panels if the decision rests on authority that subsequently becomes untenable.” Id. (citing Busby, 896 F.2d at 84-41, and Faust v. South Carolina State Highway Dep’t, 721 F.2d 934, 940 (4th Cir.1983)).
There are no decisions in this circuit that involve application of the interpanel accord principle to facts quite like those presented here in which the change in law occurred before the prior panel decision, but was not mentioned in the panel opinion apparently because of the temporal relationship between the change, the briefing, and the panel opinion. However, in Moody Nat’l Bank v. GE Life & Annuity Assurance Co., 383 F.3d 249, 252 (5th Cir.2004), the Fifth Circuit faced an issue quite similar to the one presented here.
In Moody Nat’l Bank, the statutory amendment went into effect approximately two months before the release of the prior panel decision and after oral argument and briefing in that case. After explaining the circuit’s settled adherence to the rule of interpanel accord, the Fifth Circuit explained that the rule that a panel is “bound to follow the prior panel rulings of this court ... is inapplicable, however, where Congress makes a change in statutory law that directly affects a prior panel opinion.” Id. Observing that “it is clear that [the prior panel] did not consider the amendments ... or the relevant comments thereto in reaching its decision,” id. at 253 n. 5, the Fifth Circuit decided the case in perspective of the recent amendment. That approach, of course, is consistent with the comments in Derflinger and with the “subsequently becomes untenable” rationale in Fed. Labor Regulations.
Of course, the decisions in Derflinger and Fed. Labor Relations must be viewed in perspective of the fact that the Court, sitting en banc, has expressed a clear preference for adherence to the rule of inter-panel accord absent an intervening opinion from this Court sitting en banc or the Supreme Court. McMellon v. United States, 387 F.3d 329 (4th Cir.2004). However, McMellon did not present the rather unusual circumstances that are present here, circumstances that involve the kind of approach that district courts must take respecting the every-day judicial task of sentencing. Nor, at the time of McMellon, had Henderson been decided requiring that plain error be judged at the time of appellate consideration.
Nonetheless, as explained in United States v. White, 670 F.3d 498, 516 (4th Cir.2012), it is the duty of the subsequent panel to find an appropriate way to harmonize resolution of a conflicting issue with a prior panel decision on that issue if it is possible to do so. Unfortunately, it is not really possible to harmonize the decision in Diosdado-Star with § 1B1.1.
Considering that the Supreme Court and this Court’s decisions, for example in Price and Hood, require substantial deference to the Guidelines, and taking into account that there is no Constitutional or other infirmity here that would foreclose such deference, I would conclude that the sentencing approach articulated in Diosda-do-Star is no longer tenable and that it was error not to proceed as § 1B1.1 requires.
The error was plain, if measured at the time of appellate consideration, even considering the unsettled circumstance created by the conflict between § 1B1.1 and Diosdado-Star because § IB 1.1 must be *166 given substantial deference. Henderson v. United States, — U.S. —, 133 S.Ct. at 1130. District judges, and most litigants, likely would prefer the less-structured, and quite sensible, approach reflected in Dios-dado-Star. But, as long as the Guidelines continue to be a part of the approach to federal sentencing, and as long as they have the force of law to which substantial deference is owed, it seems to me that § 1B1.1 must be applied as the law at the time of appellate consideration. For the foregoing reasons, I would conclude that the error, measured at the time of appellate consideration, is plain.
However, Whitley does not satisfy the Olano test because his substantial rights were not prejudiced by the approach taken by the district court. That is so because talismanic recitations of sentencing vernacular are never necessary and a sentence is adequately explained if the Court can determine from the record what occurred at sentencing. United States v. Allmendinger, 706 F.3d 330, 343 (4th Cir.2013); United States v. Carter, 564 F.3d 325, 328-30 (4th Cir.2009). As the majority opinion makes clear, the record shows that the non-Guideline sentence imposed here was a variance, not a departure; and, as the majority concludes, the sentence imposed was adequately explained and is readily amenable to appellate review.
Relying on a finding of waiver, the majority finds it unnecessary to address the conflict between Diosdado-Star and § 1B1.1 because Whitley did not raise § 1B1.1 in his brief or at oral argument and, in fact, purported, in his brief, to rely on Diosdado-Star. Both of those points are correct, but, I respectfully suggest that they do not warrant by-passing the issue. As I understand it, “[w]hen an issue or claim is properly before the court, the court is not limited to the particular legal theories advanced by the parties, but rather retains the independent power to identify and apply the proper construction of governing law.” Kamen v. Kemper Financial Services, Inc., 500 U.S. 90, 99, 111 S.Ct. 1711, 114 L.Ed.2d 152 (1991) (rejecting contention that petitioner waived argument by failing to raise it until reply brief)(citing Arcadia v. Ohio Power Co., 498 U.S. 73, 77, 111 S.Ct. 415, 112 L.Ed.2d 374 (1990)). Further, an appellate court may consider an argument “ ‘antecedent to ... and ultimately dispositive of the dispute before it, even an issue the parties fail to identify and brief.” U.S. Nat. Bank of Oregon v. Indep. Ins. Agents of Am., Inc., 508 U.S. 439, 445-46, 113 S.Ct. 2173, 124 L.Ed.2d 402 (1993). It seems to me that, in substance, Whitley’s argument invokes the principles reflected in § 1B1.1. And, it is the substance of an argument that presents the issue even if the party making the argument fails to cite the best authority in support of it. Hence, I would conclude that Whitley’s argument presents the issue that is the conflict between § 1B1.1 and Diosdado-Star, even though he has not cited § IB 1.1 and even though his brief pays lip service to Diosdado-Star.

. Counsel also asked that Whitley be confined in a specific nearby prison and that he be allowed to "self-report” to begin service of the sentence.

. A recent opinion of this Court, United States v. Rivera-Santana, 668 F.3d 95 (4th Cir.2012), has taken the same view. Relying on Irizarry, the Court there explained that "[t]he terms 'variance' and 'departure' describe two distinct sentencing options available to a sentencing court,” and described the differences between the two sentencing options. Id. at 100 n. 6.

. United States v. Booker, 543 U.S. 220, 234, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

. In Kimbrough v. United States, 552 U.S. 85, 101, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007) (relying on Gall), the Supreme Court directed that a sentencing court must "give respectful consideration to the Guidelines,” as required by 18 U.S.C. § 3553. See also Pepper v. United States, — U.S. —, 131 S.Ct. 1229, 1247, 179 L.Ed.2d 196 (2011) ("Accordingly, we have instructed that district courts must still give 'respectful consideration' to the now-advisory Guidelines (and their accompanying policy statements).”).

. In Hood, the Court observed that "[t]he Supreme Court has long held that 'commentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline.’ " Id. at 672.