**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-5283**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

VAUGHNTA MARKEES JONES,

             Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Rock Hill.  Cameron McGowan Currie, District
Judge.  (0:06-cr-01169-CMC-1)

Submitted:  November 1, 2011          Decided:  November 9, 2011

Before KING, SHEDD, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Scarlet B. Moore, Greenville, South Carolina, for Appellant.
Robert C. Jendron, Jr., OFFICE OF THE UNITED STATES ATTORNEY,
Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Vaughnta Markees Jones appeals his 168-month sentence for possessing a firearm as a convicted felon ("Count Five") and possessing a sawed-off shotgun ("Count Seven"), in violation of 18 U.S.C. § 922(g)(1) (2006) and 26 U.S.C. §§ 5841, 5861(d), and 5871 (2006), respectively.  Jones' counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which she states that she could identify no meritorious issues for appeal, but questions whether Jones' guilty plea was valid and whether his sentence is reasonable.  Jones has filed a pro se informal brief, raising several issues relating to his conviction and sentence.  Having reviewed the record, we affirm the judgment of the district court.

Jones dedicates significant portions of his informal brief to protesting the merits of the district court's denial of his pretrial motion to suppress.  However, a valid guilty plea waives such an alleged antecedent jurisdictional defect. Tollett v. Henderson, 411 U.S. 258, 267 (1973); United States v. Willis, 992 F.2d 489, 490 (4th Cir. 1993).  Although the record suggests that the parties contemplated that Jones would be able to appeal the denial of his motion to suppress, his guilty plea is not expressly conditioned on his ability to pursue that issue on appeal.  Because "direct review of an adverse ruling on a pre-trial motion is available only if the defendant expressly

2

preserves that right by entering a conditional guilty plea," this court can consider Jones' motion to suppress only in the context of determining whether Jones' guilty plea was voluntary. United States v. Wiggins, 905 F.2d 51, 52 (4th Cir. 1990).

Because Jones did not seek to withdraw his guilty plea below, this court reviews it for plain error. United States v. Martinez, 277 F.3d 517, 524-27 (4th Cir. 2002). To establish plain error, Jones must show that "(1) an error was made; (2) the error is plain; and (3) the error affects substantial rights." United States v. Massenburg, 564 F.3d 337, 342–43 (4th Cir. 2009). "If all three of these conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." United States v. Carr, 303 F.3d 539, 543 (4th Cir. 2002) (internal quotation marks, citations, and alterations omitted).

Even assuming that Jones would not have entered an unconditional guilty plea had the district court advised him of its effect on his ability to appeal the denial of the motion to suppress, we decline to exercise our discretion to correct the error, because it is clear that the motion to suppress is without merit. Carr, 303 F.3d at 543. Jones' motion challenged the search of the rental car he was driving, despite the fact

that he was not an authorized driver under the rental agreement. It has been long-settled in this circuit that Jones, "as an unauthorized driver of the rented car, had no legitimate privacy interest in the car and, therefore, the search of which he complains cannot have violated his Fourth Amendment rights." United States v. Wellons, 32 F.3d 117, 119 (4th Cir. 1994). Because any error deprived Jones only of the ability to pursue an argument that is conclusively foreclosed by longstanding precedent, neither the fairness nor integrity of the proceedings below was impaired, and we decline to notice the error. Carr, 303 F.3d at 543.

With respect to Jones' sentence, our review is for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). We first ensure that the district court committed no significant procedural error, "such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Id. If no procedural error was committed, we review the sentence for substantive reasonableness, taking into account the "totality of the circumstances." Id. In this respect, "an appellate court must defer to the trial court and can reverse a sentence only if it

4

is unreasonable, even if the sentence would not have been the choice of the appellate court." United States v. Evans, 526 F.3d 155, 160 (4th Cir. 2008) (emphasis in original). A sentence that falls within a properly calculated Guidelines range is presumptively reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007).

We have thoroughly reviewed the arguments raised by Jones in his informal brief pertaining to his sentencing and determine that they are without merit. See United States v. Hampton, 628 F.3d 654, 659 (4th Cir. 2010) (stating standard of review). See also United States v. Hood, 628 F.3d 669, 672-73 (4th Cir. 2010), cert. denied, 131 S. Ct. 2138 (2011). Nor do we discern any other error—procedural or substantive—with respect to the within-Guidelines sentence imposed upon Jones.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the judgment of the district court. This court requires that counsel inform Jones, in writing, of the right to petition the Supreme Court of the United States for further review. If Jones requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Jones.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED