**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 14-4070**

———————

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

CHRISTOPHER LEE FOSTER, a/k/a Capone,

          Defendant - Appellant.

———————

Appeal from the United States District Court for the District of Maryland, at Baltimore. Catherine C. Blake, District Judge. (1:10-cr-00644-CCB-2)

———————

Submitted: January 30, 2015      Decided: February 6, 2015

———————

Before KEENAN, DIAZ, and THACKER, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

William F. X. Becker, Rockville, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Michael T. Packard, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher Lee Foster appeals his conviction pursuant to a guilty plea to conspiracy to commit Hobbs Act robberies, in violation of 18 U.S.C. §§ 2, 1951(a) (2012), and to possessing and brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. §§ 2, 924(c)(1)(A)(ii) (2012). Foster argues that his plea was not knowing and voluntary because the district court failed to define the term "brandish" during the plea colloquy. We affirm.

Because Foster did not move in the district court to withdraw his plea, this court reviews this claim for plain error. United States v. Massenburg, 564 F.3d 337, 342-43 (4th Cir. 2009); United States v. Martinez, 277 F.3d 517, 525-26 (4th Cir. 2002). To establish plain error, Foster must show: (1) an error occurred; (2) the error was plain; and (3) the error affected his substantial rights. United States v. Olano, 507 U.S. 725, 732 (1993). In the context of a guilty plea, an error affects substantial rights if there is "a reasonable probability that, but for the error, [the defendant] would not have entered the plea." United States v. Dominguez Benitez, 542 U.S. 74, 83 (2004).

We find that Foster has failed to show that the alleged defect in the plea colloquy affected his substantial rights. We "presume that in most cases defense counsel

routinely explain the nature of the offense in sufficient detail to give the accused notice of what he is being asked to admit." Henderson v. Morgan, 426 U.S. 637, 647 (1976). Foster testified during the plea hearing that he was satisfied with counsel's representation and understood the elements of the offenses to which he was pleading guilty. Foster's ability to consult with counsel on such matters was demonstrated at the plea hearing, when Foster responded to the district court's inquiries regarding his understanding of the conspiracy charge by excusing himself to speak with counsel. Foster does not now allege that his testimony was false or that he was ever under a misapprehension of what "brandish" meant. Nor does Foster allege that he would not have pled guilty if the district court had defined this term.

Because Foster has failed to show that the alleged defect affected his substantial rights, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED