**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4047**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

      v.

ANTONIO LAMONT FRAZIER,

              Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of Virginia, at Richmond.   John A. Gibney, Jr.,
District Judge. (3:14-cr-00062-JAG-1)

Submitted:  May 29, 2015            Decided:  August 28, 2015

Before WILKINSON, DIAZ, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Geremy C. Kamens, Federal Public Defender, Patrick L. Bryant,
Appellate Attorney, Mary E. Maguire, Assistant Federal Public
Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria,
Virginia, for Appellant.   Dana J. Boente, United States
Attorney, Alexandria, Virginia, Michael A. Jagels, Special
Assistant United States Attorney, OFFICE OF THE UNITED STATES
ATTORNEY, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antonio Lamont Frazier pleaded guilty without a plea agreement to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). The presentence report ("PSR") calculated a Sentencing Guidelines range of 84-105 months' imprisonment. The district court sentenced Frazier to the statutory maximum of 120 months' imprisonment.

Frazier appeals his sentence, challenging its procedural and substantive reasonableness. We affirm.

I.

A.

In January 2014, Frazier was approached by police in a housing project in Richmond, Virginia. He began to run, but he slipped and fell. As Frazier lay on the ground, officers observed a black semi-automatic Ruger 9mm handgun in his hand. Frazier was arrested. A search of his person revealed a clear, plastic sandwich bag that contained seven individually wrapped plastic bag corners, which Frazier reported contained heroin.

B.

Frazier was indicted and pleaded guilty without a plea agreement to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). The Presentence Investigation Report ("PSR") computed his base offense level as

24, based on two prior felony convictions for a controlled substance offense and for a crime of violence, as defined in United States Sentencing Guidelines ("U.S.S.G.") § 4B1.2 (2014). The prior conviction for a crime of violence was for possession of a short-barrel shotgun, while the controlled substance conviction was for possession of heroin with intent to distribute.

The PSR noted that Frazier possessed the 9mm handgun in connection with another offense and enhanced his offense level by four. Frazier's offense level was decreased by three levels for acceptance of responsibility, resulting in a total offense level of 25. Together with a criminal history category of IV, Frazier's Guidelines range was 84-105 months' imprisonment.[1]

Frazier did not object to the PSR's Guidelines range, but he did ask the district court to vary down from the range and impose a sentence of 60 months' imprisonment. After considering the parties' arguments and each factor under 18 U.S.C. § 3553(a), the court varied up from the Guidelines range and

---

[1] According to Frazier, had the conviction for possession of a short-barrel shotgun not counted as a crime of violence, his base offense level would have been 22 and his Guidelines range would have been 70-87 months' imprisonment. While we believe the correct base offense level would have been 20, with a Guidelines range of 57-71 months' imprisonment, the difference does not affect our analysis.

sentenced Frazier to the statutory maximum of 120 months' imprisonment.

Frazier filed a timely appeal.

## II.

### A.

The Guidelines provide for an enhancement to the sentence of a "career offender" if, among other requirements, the defendant has at least two prior felony convictions for either a "crime of violence" or a controlled substance offense. § 4B1.1(a). The Guidelines define a "crime of violence" in relevant part as an offense that "is [the] burglary of a dwelling, arson, or extortion, involves use of explosives" or, in what is known as the residual clause, "otherwise involves conduct that presents a serious potential risk of physical injury to another." § 4B1.2(a)(2).

### B.

Frazier challenges the procedural reasonableness of his sentence on two grounds. First, he argues that the district court erred by enhancing his sentence under the Guidelines residual clause because that clause is unconstitutionally vague. Second, Frazier contends that his prior conviction for possession of a short-barrel shotgun does not fall within the Guidelines residual clause definition of "crime of violence,"

4

because it is not similar, in kind or in degree of risk posed, to the offenses enumerated within § 4B1.2.

Because Frazier raises these claims for the first time on appeal, we review for plain error. United States v. Lynn, 592 F.3d 572, 577 (4th Cir. 2010). To meet his burden, Frazier must show that an error (1) was made, (2) is plain, and (3) affects his substantial rights. Id. If Frazier makes this showing, we have discretion to remedy the error, and will do so "only if the error 'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" Puckett v. United States, 556 U.S. 129, 135 (2009) (quoting United States v. Olano, 507 U.S. 725, 736 (1993)).

An error is plain when it is "clear or obvious," meaning that "the settled law of the Supreme Court or this [court] establishes that an error has occurred," or, in some cases, when authority from other circuits is unanimous. United States v. Carthorne, 726 F.3d 503, 516 & n.14 (4th Cir. 2013). In assessing a defendant's claim, an error need only be plain by the time of appellate review. Henderson v. United States, 133 S. Ct. 1121, 1130 (2013).

In Johnson v. United States, 135 S. Ct. 2551, 2557 (2015), the Supreme Court held that the residual clause of the Armed Career Criminal Act (the "ACCA") is unconstitutionally vague. Because the ACCA residual clause and the Guidelines residual

clause are "substantially similar," United States v. Seay, 553 F.3d 732, 738 (4th Cir. 2009), this case presents the issue of whether the holding in Johnson extends to the Guidelines residual clause.[2]

We assume without deciding that plain error occurred, meaning that Frazier's proper Guidelines range should have been either 57-71 or 70-87 months in prison. Nonetheless, for an error to affect a defendant's substantial rights, "he must demonstrate that it 'affected the outcome of the district court proceedings.'" Puckett, 556 U.S. at 135 (quoting Olano, 507 U.S. at 734). As applied here, Frazier must point to "a nonspeculative basis in the record to conclude that the district court would have imposed a lower sentence but for the error in calculating [the defendant's] offense level." United States v. Knight, 606 F.3d 171, 180 (4th Cir. 2010).

Frazier fails to make this showing. Not only did the district court reject Frazier's request for a downward variant sentence, but it also chose to vary upward to the statutory maximum prison term for the offense, reasoning that

---

[2] In United States v. Hood, 628 F.3d 669, 670 (4th Cir. 2010), we held that possession of a sawed-off shotgun constitutes a "crime of violence" under the Guidelines residual clause. Frazier acknowledges that his arguments are currently foreclosed by Hood and, of course, the district court did not have the benefit of the Supreme Court's guidance in Johnson when it sentenced Frazier.

"[g]iven . . . the danger to the public and the prior criminal history, and . . . the fact that the longest stretches of noncriminal behavior occur when [Frazier is] in prison, I think that a sentence of 120 months . . . is sufficient but does not exceed the amount of time necessary to achieve the goals of sentencing."  J.A. 98.

On this record, it would be sheer speculation to conclude that the district court would have imposed a lesser sentence but for the alleged error.  Thus, we decline to find plain error with respect to the district court's calculation of the Guidelines range.

## III.

We next consider Frazier's argument that the district court abused its discretion when it varied upward from the Guidelines range in sentencing him.  Frazier contends that his sentence is substantively unreasonable for three reasons.  First, he argues that the district court did not adequately consider the sentences requested by the parties.  The government asked for a sentence within the Guidelines range,[3] while Frazier requested that the district court vary downward to 60 months'

---

[3] But the government noted that it would not object to a sentence at the statutory maximum.  J.A. 77.

imprisonment. Second, Frazier asserts that the district court placed too much weight on his criminal record and gave insufficient consideration to the evidence in mitigation. Third, Frazier contends that the district court performed a formulaic review of the 18 U.S.C. § 3553(a) factors, without substantively considering each individual factor.

We review sentencing decisions for reasonableness under a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 46 (2007). We consider the sentence's substantive reasonableness by "tak[ing] into account the totality of the circumstances, including the extent of any variance from the Guidelines range." Id. at 51. A district court has discretion to sentence a defendant outside of the Guidelines range, so long as it considers the parties' arguments and provides a sufficient and reasoned basis for its departure or variance. See United States v. Diosdado-Star, 630 F.3d 359, 364-65 (4th Cir. 2011) (noting that the district court's decision to depart or vary does not change this court's review or the justification that the district court must provide). A minor variance from the Guidelines range requires a less significant justification than a major one. See Gall, 552 U.S. at 50.

Before sentencing, the district court notified the parties that it would consider sentencing Frazier above the Guidelines

range, up to the statutory maximum. The PSR suggested that an upward departure from the Guidelines range might be warranted, because Frazier's adult criminal record contained two felony convictions and four misdemeanor convictions that were not considered in calculating his criminal history category. See U.S.S.G. § 4A1.3(a)(2) (noting that a district court may support an upward departure by considering prior sentences not used in calculating the defendant's criminal history category). The convictions that were not considered include abduction, assault and battery, damage to property, carrying a concealed weapon, and carrying a loaded shotgun. The PSR also noted a potential likelihood of Frazier's committing other crimes, as he had been found in violation of his supervised release on two occasions.

At sentencing, the district court chose not to depart. Instead, it heard both parties' arguments and considered each § 3553(a) factor in turn before deciding to impose a variant sentence. In considering Frazier's history and characteristics, the district court recognized Frazier's difficult upbringing, substance abuse issues, and history of depression. But the court also noted that Frazier has "a long history of violent and nonviolent crime, which includes a fondness for firearms." J.A. 93. The court further noted Frazier's "unrepentant criminal activity, his past assaultive behavior, . . . his past possession of firearms, and the danger he poses to the public."

J.A. 97.  In deciding to impose the statutory maximum prison term, the district court stated that a 120-month sentence would "reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public from further crimes that Mr. Frazier may commit."  J.A. 98.

We find that Frazier's sentence is substantively reasonable.  The district court adequately considered the parties' arguments and the § 3553(a) factors before deciding that an upward variance was appropriate.  In so doing, it acted well within its discretion.

IV.

For the above reasons, we affirm the judgment of the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED