**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4162**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DUPREE TURNER,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville.  Terrence W. Boyle, District Judge.  (4:15-cr-00055-BO-1)

Submitted:  June 29, 2017                          Decided:  July 11, 2017

Before WILKINSON, KING, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  John Stuart Bruce, United States Attorney, Jennifer P. May-Parker, First Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dupree Turner pled guilty to distributing heroin, in violation of 21 U.S.C. § 841(a)(1) (2012), being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2012), and brandishing a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (2012). The district court sentenced Turner to an aggregate sentence of 130 months' imprisonment. On appeal, Turner argues that the district court erred in calculating his Sentencing Guidelines range. Finding no reversible error, we affirm.

The district court calculated Turner's base offense level under United States Sentencing Guidelines Manual § 2K2.1(a)(4)(A) (2015), concluding that Turner had a previous conviction for a crime of violence. It is unclear from the record which offense the district court used as the predicate offense; however, the parties agree that the district court relied on either Turner's New Jersey conviction for possession of a sawed-off shotgun or his New Jersey conviction for robbery. We review de novo a district court's ruling that a prior conviction qualifies as a crime of violence. *United States v. Flores-Granados*, 783 F.3d 487, 490 (4th Cir. 2015).

In determining whether a prior conviction qualifies as a crime of violence, a court must apply the categorical approach or modified categorical approach, depending on the nature of the prior offense. *United States v. Montes-Flores*, 736 F.3d 357, 364 (4th Cir. 2013). "Under the categorical approach, the sentencing court must look only to the statutory definitions of the prior offenses and may not look to the particular facts underlying those convictions." *Flores-Granados*, 783 F.3d at 491 (alteration and internal

2

quotation marks omitted). Thus, we conclude that the district court erred in relying on the facts of Turner's prior conviction to conclude that he had committed a crime of violence.[*] Nevertheless, we may affirm the district court's judgment because both of Turner's prior offenses categorically qualify as crimes of violence. *See id.* at 491–92 (recognizing district court erred in relying on facts of prior conviction but concluding that prior conviction qualified as crime of violence under properly applied categorical approach).

The Guidelines define a crime of violence as:

[A]ny offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—

(1) has as an element the use, attempted use, or threatened use of physical force against the person of another [("the force clause")], or

(2) is burglary of a dwelling, arson, or extortion, involves use of explosives [("the enumerated offenses clause")], or otherwise involves conduct that presents a serious potential risk of physical injury to another [("the residual clause")].

USSG § 4B1.2(a); *see* USSG § 2K2.1 cmt. n.1. In *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015), the Supreme Court struck down as unconstitutionally vague the identically worded residual clause found in the Armed Career Criminal Act, 18 U.S.C. § 924(e) (2012). However, in *Beckles v. United States*, 137 S. Ct. 886, 892 (2017), the Court held that the advisory Guidelines are not subject to vagueness challenges. Thus,

---

[*] For this reason, we deny the Government's motion to summarily affirm the district court's judgment.

3

"we must . . . apply § 4B1.2(a) with all its relevant language, including the residual clause and any Guidelines Commentary that may explain it." *United States v. Mack*, 855 F.3d 581, 585 (4th Cir. 2017). Accordingly, "we examine the fact of conviction and the statutory definition of the prior offense to determine whether the elements of the offense are of the type that would justify its inclusion within the residual clause, without inquiring into the specific conduct of this particular offender." *United States v. Carthorne*, 726 F.3d 503, 511 (4th Cir. 2013) (alterations and internal quotation marks omitted). To determine whether an offense presents a serious potential risk of injury, we "consider[] whether the conduct encompassed by the elements of the offense, in the ordinary case, presents a serious potential risk of injury to another." *Id.* at 514.

The Guidelines commentary provide that "[u]nlawfully possessing a firearm described in 26 U.S.C. § 5845(a) [(2012)] . . . is a crime of violence." USSG § 4B1.2 cmt. n.1 (internal quotation marks omitted). We previously concluded that the North Carolina offense of possession of a sawed-off shotgun qualified as a crime of violence under the residual clause by relying on this Guidelines commentary. *United States v. Hood*, 628 F.3d 669, 672–73 (4th Cir. 2010). We likewise conclude that the New Jersey offense of possession of a sawed-off shotgun qualifies as a crime of violence because the elements of the New Jersey offense match those of the federal offense. N.J. Rev. Stat. §§ 2C:39-1(o), 2C:39-3(b) (2013).

We also conclude that New Jersey robbery qualifies as a crime of violence under the residual clause. We previously concluded that the North Carolina offense of theft from the person qualified as a crime of violence under this clause. *United States v.*

4

*Jarmon*, 596 F.3d 228, 232 (4th Cir. 2010). Although noting that "larceny from the person entails *less violence* than robbery," we concluded "that fact does not prove that larceny from the person is *nonviolent*." *Id.* Moreover, we recognized in *Jarmon* that because larceny from the person "requires that the offender take the property from the protection or control of the victim, the victim's presence is assured, and the odds of a violent confrontation are even higher than in a generic burglary, where the victim is often absent." *Id.* at 232–33.

> The Supreme Court of New Jersey has defined the elements of robbery as
>
>> (1) theft or attempted theft; (2) intimidating or assaultive conduct consisting of (a) inflicting bodily injury upon another or (b) threatening another with or purposely putting him in fear of immediate bodily injury or (c) committing or threatening immediately to commit any crime of the first or second degree [or (d) using force upon another person]; (3) the intimidating or assaultive conduct must have occurred during the theft or attempted theft or in immediate flight after the theft or attempted theft; and (4) defendant must have acted purposely.

*State v. Lopez*, 900 A.2d 779, 784 (N.J. 2006). As in *Jarmon*, this requires that the crime occur in the presence of the victim, increasing the likelihood that the encounter will turn violent and injure the victim. *See also United States v. Riley*, 856 F.3d 326, 328–29 (4th Cir. 2017) (concluding Maryland robbery with a dangerous weapon qualified as a crime of violence under residual clause).

Accordingly, we deny the Government's motion for summary affirmance but affirm the district court's judgment. We dispense with oral argument because the facts

and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

AFFIRMED