**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4297**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

ANTHONY JERROD MURRAY,

                Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, Jr., Chief District Judge. (1:15-cr-00269-WO-1)

Submitted: August 15, 2017                Decided: August 22, 2017

Before WILKINSON, AGEE, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Walter C. Holton, Jr., HOLTON LAW FIRM, PLLC, Winston-Salem, North Carolina, for Appellant. Sandra J. Hairston, Acting United States Attorney, Robert A.J. Lang, Assistant United States Attorney, Winston-Salem, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anthony Jerrod Murray pled guilty, pursuant to a plea agreement, to being a felon in possession of ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2012). The district court concluded that either of Murray's prior North Carolina convictions for conspiracy to commit robbery with a dangerous weapon or possession of a weapon of mass death and destruction warranted application of a base offense level of 20 under U.S. Sentencing Guidelines Manual § 2K2.1(a)(4)(A) (2015). Murray appeals the 42-month sentence imposed by the district court, arguing that neither prior crime qualifies as a crime of violence under the Sentencing Guidelines. We affirm.

"[W]e review de novo whether a defendant's prior offense qualifies as a crime of violence under the career offender guideline." *United States v. Riley*, 856 F.3d 326, 327-28 (4th Cir. 2017). Murray was indicted for, and pled guilty to, possession of a weapon of mass death and destruction, in violation of N.C. Gen. Stat. § 14-288.8 (2015). We have previously held that such a conviction qualifies as a crime of violence under the residual clause of the Guidelines.[*] *United States v. Hood*, 628 F.3d 669, 672-73 (4th Cir. 2010). Although Murray argues that the residual clause is void for vagueness and, thus, that possession of a sawed-off shotgun no longer constitutes a crime of violence, the Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 886, 890 (2017), forecloses his argument.

---

[*] We need not address Murray's arguments regarding his conviction for conspiracy to commit robbery.

2

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*