**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-6823**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DUPREE TURNER,

Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville.  Terrence W. Boyle, District Judge.  (4:15-cr-00055-BO-1; 4:18-cv-00182-BO)

Submitted:  December 11, 2020                    Decided:  January 21, 2021

Before WILKINSON and FLOYD, Circuit Judges, and Gina M. GROH, Chief United States District Judge for the Northern District of West Virginia, sitting by designation.

Affirmed in part, vacated in part, and remanded by unpublished opinion. Judge Groh wrote the opinion, in which Judge Wilkinson joined.  Judge Wilkinson wrote a concurring opinion.  Judge Floyd wrote a dissenting opinion.

Daniel Woofter, GOLDSTEIN & RUSSELL, P.C., Bethesda, Maryland, for Appellant. Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

GROH, Chief District Judge:

Dupree Turner appeals the district court's order denying relief on his 28 U.S.C. § 2255 (2018) motion. We previously granted a partial certificate of appealability and ordered additional briefing as to whether Turner's 18 U.S.C. § 924(c) (2018) conviction was consistent with due process and whether there is cause to excuse any procedural default. We denied a certificate of appealability as to Turner's claims challenging his sentence, and now affirm the district court's disposition of those claims. However, recent precedent in this circuit requires us to vacate the remainder of the district court's order and remand for an evidentiary hearing.

"We review de novo a district court's legal conclusions in denying a § 2255 motion," including "any mixed questions of law and fact addressed by the court as to whether the petitioner has established a valid Sixth Amendment ineffective of assistance claim." *United States v. Ragin*, 820 F.3d 609, 617 (4th Cir. 2016). "When . . . the district court denies relief without an evidentiary hearing, we construe the facts in the movant's favor." *United States v. Akande*, 956 F.3d 257, 261 (4th Cir. 2020). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon [and] determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). We review for abuse of discretion the district court's decision not to hold an evidentiary hearing to resolve an issue presented in a § 2255 motion. *Gordon v. Braxton*, 780 F.3d 196, 204 (4th Cir. 2015); *Raines v. United States*, 423 F.2d 526, 530 (4th Cir. 1970).

Turner first contends that his plea was not knowing and voluntary because the district court did not advise him of the § 924(c) offense. After we granted the partial certificate of appealability in this case, we held in *United States v. Gary*, 954 F.3d 194, 200–08 (4th Cir. 2020), that the failure to advise the defendant of an element of his offense at the Rule 11 hearing constitutes structural error. Here, the district court did not have the benefit of our decision in *Gary* when it considered Turner's § 2255 motion and denied relief. We therefore find it prudent for the district court to hold an evidentiary hearing and address Turner's claim in the first instance.

Next, Turner claims that there is an insufficient factual basis supporting his guilty plea to the § 924(c) offense, and he can overcome procedural default because he is actually innocent and received ineffective assistance of counsel. Construing the record most favorably to Turner as we must, we conclude that the record does not conclusively show that he is not entitled to relief.

During the plea hearing, the district court recognized that Turner brandished a firearm after the Government's confidential informant made a statement about liking the rims on Turner's Cadillac so much that he would steal them if he had brought a gun. It was in response to this comment that Turner retrieved a firearm from under his seat and commented to the effect that his gun was bigger. Turner claims that this exchange was in jest and not to intimidate the informant. If Turner's argument is to be believed, then the logical conclusion is that the brandishing did not occur in furtherance of a drug trafficking crime. See 18 U.S.C. § 924(c)(1)(A), (4). We conclude that this claim needs to be addressed at an evidentiary hearing so that the district court can make factual findings and

3

credibility determinations. And because these issues are intertwined with Turner's claim of ineffective assistance of counsel, the district court should also address counsel's alleged ineffectiveness at the evidentiary hearing.

Accordingly, we affirm the district court's order in part, vacate in part, and remand for an evidentiary hearing. By this disposition, we express no views on the ultimate merits of Turner's claims. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*VACATED IN PART, AND REMANDED*

WILKINSON, Circuit Judge, concurring:

I am pleased to concur in Chief Judge Groh's opinion in this case because it carefully avoids expressing any views as to the ultimate merit of Turner's claims. I note also that the court has granted rehearing *en banc* in No. 18-4789, *United States v. Medley*. *See United States v. Medley*, No. 18-4789 (4th Cir. Nov. 12, 2020) (order granting rehearing *en banc*).

FLOYD, Circuit Judge, dissenting:

The majority vacates the district court's denial of Dupree Turner's 28 U.S.C. § 2255 petition and remands for an evidentiary hearing. I respectfully dissent. I would vacate Turner's § 924(c)(1)(A) conviction and remand for resentencing, as both of Turner's claims are resolvable in his favor on the record before us. The majority's remedy abdicates its appellate duty: this Court exists to resolve disputes, not skirt them.

I.

In light of the majority's summary disposition, I begin with an overview of the relevant facts. In a series of five controlled buys between January 22 and April 16, 2015, Turner sold 13.01 grams of heroin for over $4,300 to confidential informants in Greenville, North Carolina. During the final transaction, Turner displayed a gun. The context surrounding this display is the subject of this appeal.

On August 11, 2015, a federal grand jury returned an indictment charging Turner with three counts of distributing heroin in violation of 21 U.S.C. § 841(a)(1) (Counts One, Two, and Three); one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924 (Count Four); and—relevant to this appeal—one count of using, carrying, and brandishing a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) (Count Five). Section 924(c)(1)(A) provides a mandatory minimum sentence of five years for "any person who, during and in relation to any crime of violence or drug trafficking crime . . . , uses or carries a firearm." 18 U.S.C. § 924(c)(1)(A)(i). The mandatory minimum increases to seven years "if the firearm is

6

brandished." *Id.* § 924(c)(1)(A)(ii). "[T]he term 'brandish' means, with respect to a firearm, to display all or part of the firearm, or otherwise make the presence of the firearm known to another person, *in order to intimidate that person*, regardless of whether the firearm is directly visible to that person." *Id.* § 924(c)(4) (emphasis added).

At a plea hearing on November 5, 2015, Turner pled guilty to all charges without the benefit of a written plea agreement. The district court asked Turner if he "had enough time to meet with [his] lawyer and be prepared for today" and if he "understood [his] lawyer." J.A. 15. Turner responded affirmatively. The district court instructed Turner on his rights and explained that if Turner pled guilty, he would waive those rights and the case would be "decided on [his] admission of guilt." J.A. 16. The court explained each of the five charges against Turner. With respect to Count Five, the court advised: "[Y]ou are charged with brandishing a firearm during a drug trafficking crime. The punishment for that is seven years in addition to any other punishments you might receive, up to life, together with a $250,000 fine and five years of supervised release." J.A. 17. Turner confirmed that he had seen a copy of the charges, that he understood them, and that he was pleading guilty by his own choice. He confirmed that he was, in fact, guilty of those charges.

The court invited the prosecutor to provide a factual basis for Turner's guilt. The prosecutor explained that as a confidential informant entered Turner's Cadillac, the informant "said jokingly to [Turner] that if [the informant] had a pistol he would rob [Turner] of the rims from the Cadillac." J.A. 18. "In turn, [Turner] pulled a large revolver from under his seat and said that the [informant]'s gun wouldn't be large enough, or larger

7

than his." *Id.* The court then summarized: "So they're in a drug deal and he's slid into the Cadillac in the passenger's seat and he says, man I'd steal these rims if I had a gun. . . . And [Turner] says, look at this gun, it can't beat my gun? . . . All for the rims." J.A. 19. The prosecutor confirmed: "Apparently, your honor." *Id.* This discussion constitutes the entirety of the record's reference to the facts supporting Turner's brandishing charge.

The district court ultimately accepted Turner's plea. On March 22, 2016, the district court imposed concurrent 46-month sentences on Counts One through Four and a consecutive 84-month sentence on Count Five—the legal minimum for brandishing—for a total of 130 months of imprisonment. On direct appeal, appellate counsel challenged only Turner's sentence. On July 11, 2017, this Court affirmed. *See United States v. Turner*, 701 F. App'x 209, 212 (4th Cir. 2017) (per curiam) (unpublished).

On November 1, 2018, Turner timely filed a pro se motion to vacate his sentence pursuant to 28 U.S.C. § 2255. He raised several arguments, including three relevant to this appeal. First, he claimed that his trial counsel was ineffective under the Sixth Amendment for failing to conduct a factual investigation or explain the brandishing charge to Turner prior to sentencing. Second, Turner claimed that his plea was not voluntary, knowing, or intelligent based on trial counsel's ineffectiveness. Third, he claimed that the district court erred in convicting him for brandishing a firearm under § 924(c)(1)(A)(ii), because there was "insufficient evidence" to support such a conviction. J.A. 78. Turner argued that after the informant commented about stealing the rims "in a 'joking' manner," Turner "responded in a likewise manner when he *jokingly* and *laughingly*" displayed the gun. J.A.

8

Turner argued that "this was nothing more than two men playfully mocking one another," or "harmless jesting." *Id*.

The district court dismissed Turner's § 2255 motion and denied a certificate of appealability. The court held that Turner's affirmations during the plea hearing undermined both his ineffective assistance claim and his involuntary plea claim, and that Turner had procedurally defaulted his inadequate factual basis claim. We granted a partial certificate of appealability on "[w]hether [Turner's] conviction under 18 U.S.C. section 924(c) comported with the Constitution[] [and] whether there is cause to excuse procedural default." J.A. 131. We also appointed appellate counsel for Turner.

On appeal, Turner presents two claims: (1) his plea to the brandishing charge was not knowing, intelligent, or voluntary in violation of the Fifth Amendment; and (2) the district court failed to ensure that there was an adequate factual basis to support his plea to the brandishing charge in violation of Federal Rule of Criminal Procedure 11.

II.

I begin with Turner's first argument: that his plea was unconstitutional because neither counsel nor the district court informed him that brandishing under § 924(c)(1)(A)(ii) requires intent to intimidate. *See* § 924(c)(4) (defining "brandish" to require the display of a firearm to another person "in order to intimidate that person"); *see also Dean v. United States*, 556 U.S. 568, 572–73 (2009) (noting that the "brandishing must have been done" for the "specific purpose" of intimidation). "A guilty plea is constitutionally valid only if it is 'voluntary' and 'intelligent.'" *Bousley v. United States*,

9

523 U.S. 614, 618 (1998) (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)). A plea does not qualify as voluntary unless a defendant first receives "real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process." *Henderson v. Morgan*, 426 U.S. 637, 644–47 (1976) (quoting *Smith v. O'Grady*, 312 U.S. 329, 334 (1941)) (invalidating a guilty plea to second-degree murder because neither counsel nor the district court informed the defendant of the mens rea element).

"Normally the record contains either an explanation of the charge by the trial judge, or at least a representation by defense counsel that the nature of the offense has been explained to the accused." *Id.* at 647. But nothing in Turner's indictment or the Rule 11 plea hearing—the only relevant record evidence, given the lack of a written plea agreement—informed Turner that brandishing requires intent to intimidate. Regarding Count Five, the indictment provides in full:

> On or about April 16, 2015, in the Eastern District of North Carolina, the defendant, DUPREE TURNER[,] did *knowingly* carry and use a firearm during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, as alleged in Count Three of the Indictment, and did brandish said firearm, in violation of Title 18, United States Code, Section 924(c)(1)(A).

J.A. 10 (emphasis added). At the plea hearing, the district court described the charge merely as "brandishing a firearm during a drug trafficking crime." J.A. 17. The government does not contest that nothing in the record indicates that Turner was informed that brandishing requires intent to intimidate. This is especially problematic given that a

10

layman's understanding of the term "brandishing" does not necessarily coincide with the narrower definition of the § 924(c) crime.

True, courts may alternatively rely on a defendant's affirmative statements during the Rule 11 hearing to establish that trial counsel provided defendant notice of the charges. *See United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005) (noting that a defendant's statements under oath at a properly conducted Rule 11 plea hearing "carry a strong presumption of verity" and "present 'a formidable barrier in any subsequent collateral proceedings'" (quoting *United States v. White,* 366 F.3d 291, 295–96 (4th Cir. 2004))). For example, a defendant's acknowledgement that he understands the charges against him and discussed the elements of each charge with trial counsel will often suffice to establish notice. *See, e.g.*, *Burket v. Angelone*, 208 F.3d 172, 190 (4th Cir. 2000) (rejecting ineffective assistance of counsel claim when defendant acknowledged at plea hearing that he "understood the charges against him; . . . discussed the charges and their elements with [counsel]; . . . understood what the [government] had to prove before he could be found guilty of the charges against him; [and] had enough time to discuss with [counsel] any possible defenses"); *United States v. DeFusco*, 949 F.2d 114, 117 (4th Cir. 1991) (rejecting involuntary plea claim in part based on detailed written plea agreement and in part because the defendant acknowledged at plea hearing that "he had reviewed the elements of each offense with his attorney along with any potential defenses, and that he felt that he completely understood the nature of the charges against him").

But Turner did not indicate at his Rule 11 hearing that his trial counsel had conveyed the nature of the charges to him. Turner confirmed only that he "had enough time to meet

11

with [his] lawyer and be prepared" for the plea hearing, that he "underst[ood] his lawyer," and that he had seen a copy of the charges against him—i.e., the inadequate indictment. J.A. 15. The district court never confirmed that counsel discussed the elements of brandishing with Turner, that Turner understood the elements of the offense, or that Turner was satisfied with counsel's representation. *See Miller v. Champion*, 161 F.3d 1249, 1255 (10th Cir. 1998) (concluding that defendant's plea was involuntary when "[t]he court never inquired of [defendant] whether he understood the elements of the crime to which he was pleading guilty, nor did it ask [him] whether his attorney had explained these elements to him"), *abrogated on other grounds by Smith v. Aldridge*, 904 F.3d 874 (10th Cir. 2018).

By way of contrast, we have held in an unpublished, per curiam decision that the district court's "fail[ure] to define the term 'brandish' during the plea colloquy" did not render the plea involuntary. *United States v. Foster*, 592 F. App'x 217, 217 (4th Cir. 2015) (per curiam) (unpublished). In that case, the defendant testified "during the plea hearing that he was satisfied with counsel's representation and understood the elements of the offenses to which he was pleading guilty." *Id.* at 217–18. Additionally, the defendant did not argue "that he was ever under a misapprehension of what 'brandish' meant," nor "that he would not have pled guilty if the district court had defined this term." *Id.* at 218. Here, Turner was not asked whether he understood the elements of the offenses to which he was charged. And critically, Turner argues that he is factually innocent of brandishing and would not have pled guilty had he understood the true nature of the charge.

"[T]he constitutional prerequisites of a valid plea may be satisfied where the record accurately reflects that the nature of the charge and the elements of the crime were

12

explained to the defendant." *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005). This record does not so establish. The inquiry should end here.

The majority, however, seeks more. Instead of engaging with the substance of Turner's involuntary plea claim, the majority instructs the district court to hold an evidentiary hearing to consider our intervening decision in *United States v. Gary*, 954 F.3d 194 (4th Cir. 2020). This begs the question: why? For one, *Gary* is neither necessary to nor binding on our outcome. We held in *Gary* that a *Rehaif* error at a Rule 11 hearing constitutes structural error. *See Gary*, 954 F.3d at 207; *see also Rehaif v. United States*, 139 S. Ct. 2191, 2196 (2019) (holding that the government must prove that a defendant charged pursuant to 18 U.S.C. § 922(g) knew he belonged to a class of persons prohibited from possessing a firearm); *Weaver v. Massachusetts*, 137 S. Ct. 1899, 1907 (2017) (defining structural error as error that may never be deemed harmless on plain error review). In contrast to *Gary*, Turner's involuntary plea claim does not involve a *Rehaif* error, does not arise from a mere statutory Rule 11 error, and does not implicate the structural error doctrine. Instead, Turner's involuntary plea claim involves the failure of *any individual* to inform him at *any stage* before accepting his plea that brandishing requires intent to intimidate, thereby allowing Turner to plead guilty to a charge to which he would not have otherwise pled. *Gary* is irrelevant to this claim.

Furthermore, regardless of whether *Gary* controls here, the majority remands on a purely legal question. Assuming *Gary* does not control, we can resolve Turner's involuntary plea claim on the record before us. And even if *Gary* does control, our decision is similarly clear. *Gary* held that it was structural error for the district court to fail to inform

13

a defendant of the elements of the charge at the Rule 11 hearing. The government does not contest that the district court failed to inform Turner of the elements of his § 924(c) charge at the Rule 11 hearing.

This is a quintessential involuntary plea. Neither counsel nor the district court informed Turner what brandishing under § 924(c)(1)(A)(ii) requires. The majority remands for consideration of irrelevant case law instead of properly resolving Turner's claim on the record before us.

III.

Turner alternatively argues that we should overturn his conviction under § 924(c)(1)(A) because the district court failed to ensure that an adequate factual basis supported his guilty plea. Pursuant to Rule 11, a district judge must determine that there is a factual basis for a plea. *See* Fed. R. Crim. P. 11(b)(3); *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016). A district court "has wide discretion when determining whether a factual basis exists" for a guilty plea, *DeFusco,* 949 F.2d at 120, and the court "need only be subjectively satisfied that there is a sufficient factual basis for a conclusion that the defendant committed all of the elements of the offense," *United States v. Mitchell*, 104 F.3d 647 (4th Cir. 1997). "The court may conclude that a factual basis exists from anything that appears on the record." *DeFusco*, 949 F.2d at 120 (citing *United States v. Lumpkins*, 845 F.2d 1444, 1450 (7th Cir. 1988)). "The requirement to find a factual basis is designed to 'protect a defendant who is in the position of pleading voluntarily with an understanding of the nature of the charge but without realizing that his conduct does not

14

actually fall within the charge.'" *United States v. Mastrapa*, 509 F.3d 652, 660 (4th Cir. 2007) (quoting Fed. R. Crim. P. 11 advisory committee's note to 1966 amendments).

The record before us establishes only that Turner *displayed* a gun. Nothing indicates that Turner did so "in order to intimidate" the informant. 18 U.S.C. § 924(c)(4). In fact, the evidence indicates that Turner affirmatively did *not* display the gun in order to intimidate the informant. The prosecutor and the district court seemed to recognize this fact during the plea hearing. In the prosecutor's own words, Turner displayed the gun only in response to the informant's "joking[]" comment, J.A. 18, and the district court expressed wry astonishment that the display was "[a]ll for the rims," J.A. 19. At a minimum, the district court should have asked the defendant whether he had the requisite intent to intimidate the informant. But the district court did not do so, thereby neglecting its duty to ensure the existence of an adequate factual basis to support Turner's plea.

Because Turner did not challenge the sufficiency of the Rule 11 hearing on direct appeal, he must overcome his procedural default. He can do so by showing a miscarriage of justice. *See Wolfe v. Johnson*, 565 F.3d 140, 160 (4th Cir. 2009). "A proper showing of 'actual innocence' is sufficient to satisfy the 'miscarriage of justice' requirement" for procedural default. *Id.* (quoting *House v. Bell*, 547 U.S. 518, 536–37 (2006)). To show actual innocence, a "petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley*, 523 U.S. at 623 (internal quotation marks and citation omitted); *cf. United States v. Jones*, 758 F.3d 579, 583 (4th Cir. 2014) (noting that the Supreme Court "has been clear that 'habeas corpus petitions that advance a substantial claim of actual innocence are extremely rare' and the

15

exception only applies in limited circumstances" (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995))).

No reasonable juror would have convicted Turner in light of the evidence presented. Turner jokingly displayed his gun in response to the informant's joking comment. Merely *displaying* a firearm during a drug offense does not in and of itself constitute brandishing, absent the requisite element of intent to intimidate. The prosecutor's description of the conduct and the district court's reaction confirm the impropriety of the conviction. A "joking" interaction, by definition, is not intended to intimidate.

The majority concludes that an evidentiary hearing is necessary on Turner's inadequate factual basis claim. The majority instructs the district court to "make factual findings and credibility determinations" on whether Turner indeed intended to intimidate. Of course, an evidentiary hearing cannot change the facts on record at the time that Turner entered his plea. Thus, the only conceivable purpose for requiring such "factual findings and credibility determinations" is to consider whether Turner can overcome procedural default by demonstrating actual innocence. But it is unclear what more an evidentiary hearing could reveal. After all, the entire incident was captured on video. Turner asserts repeatedly and consistently in his briefs that he did not intend to intimidate the informant, and even the prosecutor and district court recognized the joking nature of the interaction.

Remanding for an evidentiary hearing is as strange as it is inefficient. Perhaps the majority is uncomfortable with premising a procedural default analysis on actual innocence, given the admitted rarity of success on such arguments. But the actual-innocence standard exists precisely for cases such as Turner's.

16

IV.

We have before us a defendant who pled guilty to a charge of which he is clearly innocent. Turner did not display his gun in order to intimidate the informant; he displayed the gun as part of a joking interaction between two men. We do not need the majority's prescribed evidentiary hearing to rehash old facts or to consider irrelevant new case law. Indeed, remand for an evidentiary hearing is a particularly confusing remedy given that the case will likely return to us on the exact same posture thereafter. Instead, I would vacate Turner's conviction under § 924(c)(1)(A) and remand for resentencing. *See* 28 U.S.C. § 2255(b). Such relief is proper based on either of Turner's two claims. For these reasons, I respectfully dissent.