**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 14-4907**

_____

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

SHERIF AKANDE, a/k/a Sharif Akande, a/k/a Reef, a/k/a Reef
Wall,

                    Defendant - Appellant.

_____

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.  Roger W. Titus, Senior District Judge.
(8:12-cr-00288-RWT-2)

_____

Submitted:  November 25, 2015         Decided:  December 7, 2015

_____

Before MOTZ and THACKER, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

William A. Mitchell, Jr., BRENNAN MCKENNA MANZI SHAY LEVAN
CHARTERED, Greenbelt, Maryland, for Appellant.  Rod J.
Rosenstein, United States Attorney, Thomas P. Windom, David I.
Salem, Assistant United States Attorneys, Greenbelt, Maryland,
for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sherif Akande appeals his 199-month sentence imposed following his plea of guilty to conspiracy to commit bank fraud, two counts of bank fraud, and aggravated identity theft. Akande challenges the district court's calculation of his advisory Sentencing Guidelines range. The Government contends that any such errors would be harmless even if they occurred, because they had no effect on the sentence the district court imposed. We agree with the Government and affirm the district court's judgment.

We may proceed directly to an assumed error harmlessness inquiry without assessing the merits of each of Akande's challenges. United States v. Gomez-Jimenez, 750 F.3d 370, 382 (4th Cir.), cert. denied sub nom. Juarez-Gomez v. United States, 135 S. Ct. 305 (2014), and cert. denied, 135 S. Ct. 384 (2014). "A Guidelines error is considered harmless if we determine that (1) 'the district court would have reached the same result even if it had decided the guidelines issue the other way,' and (2) 'the sentence would be reasonable even if the guidelines issue had been decided in the defendant's favor.'" Id. (quoting United States v. Savillon-Matute, 636 F.3d 119, 123 (4th Cir. 2011)).

In this case, the district court explicitly stated on the record that it would have given Akande a 199-month sentence even

2

if it had calculated his Guidelines range differently. The district court also discussed each of the applicable 18 U.S.C. § 3553(a) (2012) sentencing factors in detail and explained at length why it considered a 199-month sentence necessary. Given the thoroughness of the district court's reasoning and the deferential standard of review we apply when reviewing criminal sentences, Gall v. United States, 552 U.S. 38, 41, 51 (2007), we conclude that Akande's sentence would be reasonable even if all disputed issues were resolved in his favor. See Savillon-Matute, 636 F.3d 119 at 124. Therefore, both prongs of the above test are met, and any error in the district court's Guidelines calculation was harmless.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED