**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 18-6833

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SHERIF AKANDE, a/k/a Sharif Akande, a/k/a Reef, a/k/a Reef Wall,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Roger W. Titus, Senior District Judge.  (8:12-cr-00288-RWT-2; 8:16-cv-02666-RWT)

Argued:  January 30, 2020                                          Decided:  April 20, 2020

Before MOTZ, WYNN, and THACKER, Circuit Judges.

Reversed and remanded by published opinion.  Judge Motz wrote the opinion, in which Judge Wynn and Judge Thacker joined.

**ARGUED:**  Joel M. Bondurant, Jr., BONDURANT LAW, PLLC, Huntersville, North Carolina, for Appellant.  David Ira Salem, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee. **ON BRIEF:**  Robert K. Hur, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

DIANA GRIBBON MOTZ, Circuit Judge:

Sherif Akande pleaded guilty to fraud offenses without entering a plea agreement. The district court sentenced him to 199 months' imprisonment, and we affirmed. Akande then moved under 28 U.S.C. § 2255 to vacate his conviction, contending that he received constitutionally ineffective assistance from his counsel. The district court denied the § 2255 motion. We granted a certificate of appealability and now reverse the judgment of the district court and remand for further proceedings.

I.

In May 2012, a federal grand jury indicted Akande on counts arising from a bank fraud conspiracy. Akande moved to suppress evidence recovered from his residence, which the district court denied. He then pleaded guilty to all charges without reaching any plea agreement with the prosecution (an "open plea").

The district court held a hearing and conducted a standard plea colloquy. During the colloquy, the court listed the many rights Akande would waive with his open plea, including the presumption of innocence, the full panoply of trial rights, and the right to appeal trial issues; Akande responded that he understood. The court concluded the colloquy by finding that Akande's plea was valid and accepting it.

Shortly thereafter, Akande sought to withdraw his plea. His counsel attempted to persuade the Government to consent to this; after waiting on the Government for several months with no response, defense counsel filed a motion to withdraw the plea. The Government opposed the motion, and the district court held a hearing on it. At that hearing,

2

Akande's counsel explained that after the court denied Akande's suppression motion, Akande and counsel "engaged in extensive discussions regarding a plea agreement or a plea that had been offered by the government." Plea counsel reported that in their discussions, Akande emphasized that his "appellate rights . . . were very important" to him. Counsel further explained that in response she told Akande that if he "pled open to the court," "he would be preserving all of his appellate rights."

But, as Akande's counsel admitted to the district court at the hearing to withdraw the plea, the advice that Akande could preserve all of his appellate rights by entering an open plea was "not a correct statement of the law." Rather, in order to plead guilty while preserving his appellate rights, Akande would have had to enter a conditional plea under an agreement with the prosecution, which counsel believed "would probably not have even been possible" because the suppression ruling "was not dispositive," *see United States v. Fitzgerald*, 820 F.3d 107, 110 n.1 (4th Cir. 2016). Counsel also explained at this hearing that she doubted that Akande understood from the plea colloquy that her advice had been wrong, and that contrary to what she had told him, by entering an open plea, Akande "was giving up the right to [appeal] the pretrial suppression ruling."

Plea counsel explained that when Akande called her the day after pleading guilty, but before sentencing, he reaffirmed that he "want[ed] to maintain all of [his] appellate rights." She "wasn't really sure what he was alluding to," but "after some discussion," it became clear that Akande had "relied on [her] statement to him that he would maintain all of those rights" when he entered an open plea. Thus, as counsel explained, Akande "made his decision to plead guilty based on his ability to maintain his constitutional challenge to

3

the search of his home." But in fact, Akande could maintain his appellate right to challenge the suppression ruling only by proceeding to trial. Counsel informed the court that once Akande understood that choice, he asked to go to trial, and she accordingly filed the motion to withdraw Akande's guilty plea.

The district court then began to consider the merits of that motion. In the course of this discussion, counsel stated that Akande asserted his actual innocence, but she questioned whether he should testify. Noting that actual innocence was one factor in deciding whether to permit a defendant to withdraw a guilty plea, the district court asked how Akande would show his innocence without testifying. Counsel responded that Akande was "prepared to go forward with the other factors" and proceeded to discuss them. After a brief recess, plea counsel moved to withdraw from representing Akande. The district court granted her motion, continued the hearing on Akande's motion to withdraw the guilty plea, and appointed new counsel.

Some months later, the district court held another hearing. Akande's newly appointed counsel first withdrew Akande's motion to withdraw the guilty plea, explaining that Akande was "not asserting a claim of innocence." The district court then turned to sentencing. In seeking an adjustment for acceptance of responsibility, sentencing counsel stated that Akande filed his motion to withdraw his plea "only upon a misunderstanding" as to "his right to appeal." The court denied the adjustment and sentenced Akande to 199 months' imprisonment. Akande appealed his sentence, and we affirmed. *United States v. Akande*, 624 F. App'x 94 (4th Cir. 2015).

Akande moved for relief under 28 U.S.C. § 2255. He contended, *inter alia*, that his plea counsel rendered constitutionally ineffective assistance. Without holding a hearing, the district court denied the § 2255 motion, concluding that Akande could not show prejudice arising from counsel's erroneous advice.

Akande noted an appeal, and we granted a certificate of appealability.[1] We review the denial of a § 2255 motion de novo. *United States v. Poindexter*, 492 F.3d 263, 267 (4th Cir. 2007). When, as here, the district court denies relief without an evidentiary hearing, we construe the facts in the movant's favor. *Id.*

## II.

To establish a violation of the Sixth Amendment right to the effective assistance of counsel, a defendant must show that counsel's performance was constitutionally deficient and caused him prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The Government does not meaningfully dispute that plea counsel's erroneous advice amounted to constitutionally deficient performance.

Examination of the record explains why any such argument would be meritless. In her motion to withdraw Akande's guilty plea, and in her testimony during the district court's hearing on that motion, plea counsel detailed the inaccurate advice she gave Akande. Counsel told Akande that while he could not reserve the right to appeal the

---

[1] Akande also sought, and we granted, a certificate of appealability on a claim that his sentencing counsel provided constitutionally ineffective assistance. Given our holding with respect to plea counsel, we need not and do not consider that claim here.

5

suppression ruling in a conditional plea agreement, he could challenge the admission of the evidence he sought to exclude in either of two other ways. She advised Akande that if he went to trial, he could argue that under Federal Rule of Evidence 404(b), "the facts shouldn't be admissible against him since he wasn't indicted" based on any of the documents found in his home. In the alternative, counsel explained that if Akande "pled open to the court, he would be allowed and he would be preserving all of his appellate rights," such that he could challenge the suppression ruling itself on appeal. That advice, as counsel acknowledged, was "not a correct statement of the law," because a defendant cannot challenge a pretrial suppression ruling on appeal after entering an open plea, *see Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Plea counsel's misadvice addressed how and when Akande could challenge the admission of the evidence at issue: she told him that he could not do so via a conditional guilty plea pursuant to an agreement with the Government, but he could do so by entering an open plea.

The Government suggests that plea counsel also advised Akande that a suppression appeal would not succeed, and consequently that forgoing such an appeal did not cause any prejudice. But the Government has presented no evidence to support this theory.[2] And in any event, even if we agreed with the Government's reading of counsel's testimony, the

---

[2] The only "evidence" the Government offers in support of this contention is surprisingly misleading. The Government repeatedly misquotes plea counsel's testimony, omitting the references to Fed. R. Evid. 404(b) and fusing separate sentences together, all without notation or explanation. Response Br. at 20, 23, 28. And these are not the only misquotes in the Government's brief. *See id.* at 24 (misquoting the district court, again without notation or explanation). We do not suggest that these alterations were intentionally deceptive, but we do believe that they are at least disappointingly careless.

6

likelihood that Akande would prevail on appeal is of no moment here. The *viability* of an appeal is immaterial. The Supreme Court has repeatedly instructed that when it comes to the Sixth Amendment, it is the *right* to an appeal that counts. *See, e.g.*, *Garza v. Idaho*, 139 S. Ct. 738, 748 (2019) ("This Court has already rejected attempts to condition the restoration of a defendant's appellate rights forfeited by ineffective counsel on proof that the defendant's appeal had merit."); *Roe v. Flores-Ortega*, 528 U.S. 470, 486 (2000); *accord Velazquez v. Superintendent Fayette SCI*, 937 F.3d 151, 163 (3d Cir. 2019).

Accordingly, we turn to the two questions at the heart of this case: whether the district court corrected plea counsel's error, and, if not, whether Akande has established that the error prejudiced him.

## A.

Circuit precedent holds that a defendant cannot prevail on a claim of ineffective assistance of counsel that arises from counsel's misadvice if, before accepting the plea, "the district court provides an admonishment that corrects the misadvice and the defendant expresses that he understands the admonishment." *United States v. Akinsade*, 686 F.3d 248, 253 (4th Cir. 2012).[3] The Government contends that the district court's plea colloquy corrected counsel's error in this case.

The court gave two relevant admonishments during that colloquy. The district court first informed Akande of the wide array of rights that he would forgo by entering a guilty plea:

---

[3] The Supreme Court has noted this holding but has neither embraced nor rejected it. *See Lee v. United States*, 137 S. Ct. 1958, 1968 n.4 (2017).

THE COURT: I am now going to review with you all of the very important rights that you will give up by pleading guilty.

First of all, you have the absolute right to plead not guilty. No one can make you come into court and enter a guilty plea. If you plead not guilty, you are presumed to be innocent. That means that you cannot be found guilty unless there is a trial at which your guilt is proven beyond a reasonable doubt. You have the right to a trial before a jury of 12 people, all of whom would have to agree unanimously that you were guilty. If even one of those jurors did not find guilt, there could be no verdict of guilty entered at the conclusion of that jury trial.

Alternatively, if both you and the government agreed, there could be a trial before a judge without a jury, but in either case, you would be presumed to be innocent and it would be the government's burden to try to overcome that presumption with proof beyond a reasonable doubt.

To try to do that, the government would have to call people to testify as witnesses. They would appear here in open court. You would be present. They would be placed under oath, and they would be subject to cross-examination, that is, questioning by your lawyer.

You would, of course, have the right to be represented by a lawyer throughout the trial, and as you know, if you cannot afford to hire counsel, the Court appoints an attorney to represent you.

At any trial, you would have the right to testify on your own behalf if you wanted to, but you would have the equal right to remain silent. And if you decided not to testify, neither the jury nor the judge could hold it against you in any way, and if you wished, the judge would tell the jury about your right not to testify and that they can't hold it against you in any way during their deliberations.

You would have the right to present a defense, to call other people to testify, and to produce documents or other things as exhibits, and you would have the Court's assistance through the subpoena power in requiring people to come to court to testify for you.

If you were found guilty after that trial, you would have the right to appeal to complain about any mistakes that might have been made before or during that trial.

Do you understand all of those rights that you will give up by pleading guilty?

THE DEFENDANT: Yes, ma'am.

The district court briefly returned to Akande's appellate rights later in the colloquy:

THE COURT: By pleading guilty, you, in essence, are giving up your right to complain about the conviction, that is, the determination of guilt, but you and the government will have the opportunity to appeal if you think Judge Titus makes a mistake in determining the guidelines or some other fashion in sentencing you.

Do you understand that both sides have the right to appeal under those circumstances?

THE DEFENDANT: Yes, ma'am.

The Government insists that these two admonishments "unequivocally dispelled any . . . misapprehension" Akande had as to "preservation of appellate review." Response Br. at 20.

A plea colloquy can correct an error like the misadvice at issue here if the district court provides a "careful explanation" that "address[es] the particular issue underlying the affirmative misadvice." *Akinsade*, 686 F.3d at 254, 255. To cure the error, the district court's admonishments must be sufficiently clear and specific. When, for example, counsel erroneously advised a defendant that a guilty plea would not expose him to a career offender sentence, we concluded that the district court's plea colloquy cured any prejudice with its "careful explanation of the potential severity of the sentence," which "specifically informed [the defendant] of the maximum penalties he faced." *United States v. Foster*, 68 F.3d 86, 88 (4th Cir. 1995). By contrast, when counsel erroneously advised the defendant that his "crime was not categorically a deportable offense," we held that the district court's

9

"warn[ing] that [the defendant]'s plea *could* lead to deportation" was too general to rectify counsel's misadvice. *Akinsade*, 686 F.3d at 254; *accord United States v. Murillo*, 927 F.3d 808, 819 (4th Cir. 2019).

The district court's warnings here, like those in *Akinsade* and *Murillo*, were too general to cure plea counsel's misadvice. *Akinsade*, 686 F.3d at 254; *Murillo*, 927 F.3d at 819. Akande and counsel specifically discussed appealing the suppression ruling, and counsel advised him that an open plea would "preserv[e] all of his appellate rights." But unlike counsel's specific, albeit incorrect, advice, the district court's admonishments broadly touched on appeals in general and did not specifically address Akande's right to appeal the suppression ruling. The court's first admonishment referred to more than a dozen rights, among them Akande's right to "complain about any mistakes that might have been made before or during that trial." Akande could not reasonably be expected to understand that a suppression ruling would fall under the broad category of "any mistakes that might have been made before or during that trial" — particularly when Akande never went to trial. The court's reference in its second admonishment to Akande's "right to complain about the conviction, that is, the determination of guilt," was even less tailored to an appeal of a suppression ruling. Most nonlawyers would not understand a decision on whether to suppress evidence, an inquiry that turns on whether police obtained the evidence lawfully, to pertain to "the determination of guilt." Indeed, plea counsel explained that she did not think Akande understood from the colloquy that he was waiving his right to appeal the suppression ruling, and that Akande called her the day after the colloquy to reiterate that he "want[ed] to maintain all of [his] appellate rights."

10

Given counsel's specific misadvice, on which Akande understandably relied, the court's general admonishments did not amount to the "careful explanation" that "address[es] the *particular* issue" necessary to cure the error. *Akinsade*, 686 F.3d at 254, 255 (emphasis added).

## B.

Having concluded that the plea colloquy did not correct counsel's erroneous advice, we turn to whether Akande can show that counsel's error caused him prejudice. "[W]hen a defendant claims that his counsel's deficient performance deprived him of a trial by causing him to accept a plea, the defendant can show prejudice by demonstrating a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Lee v. United States*, 137 S. Ct. 1958, 1965 (2017) (internal quotation marks omitted).[4]

This inquiry "focuses on a defendant's decisionmaking, which may not turn solely on the likelihood of conviction after trial." *Id.* at 1966. We consider collateral consequences when they motivate a defendant's decision, but we "look to contemporaneous evidence to substantiate a defendant's expressed preferences" rather than relying solely on post hoc assertions. *Id.* at 1967. A defendant need not "show that going to trial would have been the best objective strategy or even an attractive option"; he need

---

[4] A defendant can also show prejudice by demonstrating that he could have negotiated a plea agreement with terms more favorable than the consequences of the plea he entered on counsel's misadvice. *See United States v. Swaby*, 855 F.3d 233, 241 (4th Cir. 2017). In this case, because only a trial would have preserved Akande's right to appeal the suppression ruling, we focus on the probability that Akande would have insisted on proceeding to trial.

only "show a reasonable likelihood that a person in [his] shoes would have chosen to go to trial." *United States v. Swaby*, 855 F.3d 233, 244 (4th Cir. 2017). "The decision does not need to be optimal and does not need to ensure acquittal; it only needs to be rational." *Id.*; *see also Lee*, 137 S. Ct. at 1969 ("Not everyone in Lee's position would make the choice to reject the plea. But we cannot say it would be irrational to do so.").

Akande maintains that preserving his appellate rights was his "top strategic priority" in deciding whether to plead guilty or go to trial. Opening Br. at 24. The contemporaneous evidence here substantiates his asserted preference. In the hearing on Akande's motion to withdraw his guilty plea, his counsel explained that Akande considered "maintaining his appellate rights . . . very important." Plea counsel reported that "one of the things that [Akande and she] had discussed at length was maintaining his appellate rights"; in fact, Akande called her "the day after he pled guilty" to reiterate that he "want[ed] to maintain all of [his] appellate rights." These representations, made before the district court entered a judgment of conviction or imposed a sentence, constitute clear contemporaneous evidence of Akande's overarching desire to preserve his appellate options. Given this evidence of the great value that Akande placed on his appellate rights, the question is whether Akande has shown the necessary probability that he would have gone to trial in order to preserve them, had he been correctly advised.

We believe that Akande has shown that reasonable probability. Going to trial would have permitted Akande to appeal the suppression ruling, while entering an open plea waived his right to appeal that issue. Based on his counsel's erroneous advice, Akande

12

entered his open plea at the expense of his "top strategic priority." The only benefit Akande obtained in return was a possible sentence reduction for acceptance of responsibility.

The Supreme Court in *Lee* explained that a defendant may rationally prefer even a slim chance at fulfilling his chief priority over a certain but modest sentence reduction. *See Lee*, 137 S. Ct. at 1966–67 ("For example, a defendant with no realistic defense to a charge carrying a 20-year sentence may nevertheless choose trial, if the prosecution's plea offer is 18 years."). In this case, going to trial would have *guaranteed* that Akande could fulfill his chief priority, while entering an open plea offered him only the *possibility* of a similarly modest sentence reduction.[5] Proceeding to trial would have better served Akande's expressed preferences, contrary to counsel's advice. Had counsel accurately advised Akande that he could maintain his appellate rights only by proceeding to trial, it would have been entirely rational for him to do so. *See id.* at 1969; *Swaby*, 855 F.3d at 244.

Akande has thus shown that plea counsel's performance caused him prejudice.[6]

---

[5] At sentencing, the district court determined that Akande's base offense level was 29 and his criminal history category was V, resulting in an advisory Guidelines range of 140 to 175 months. The acceptance of responsibility reduction that Akande sought would have lowered his base offense level to 27, resulting in an advisory Guidelines range of 120 to 150 months, *see* U.S.S.G. ch. 5, pt. A (sentencing table) — and thus lowering the advisory range by roughly two years.

[6] We are not persuaded by the Government's suggestion that sentencing counsel's motion to withdraw Akande's earlier motion to withdraw his guilty plea bars him from showing prejudice. Once a defendant enters a guilty plea, he may not withdraw it without the district court's approval, subject to six factors, including "whether the defendant has credibly asserted his legal innocence." *United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991). The decision to enter a guilty plea in the first instance and the later decision to withdraw a guilty plea thus involve different considerations. We cannot conclude, in light of *Lee*'s focus on the defendant's decisional calculus, that Akande's eventual withdrawal of his motion to withdraw his initial guilty plea precludes him from showing that, absent

III.

Guilty pleas "are important components of this country's criminal justice system," and in order to realize "the advantages that they provide to all concerned," guilty pleas must be "accorded a great measure of finality." *Christian v. Ballard*, 792 F.3d 427, 444 (4th Cir. 2015) (internal quotation marks omitted). But the legitimacy of their role in our criminal justice system depends on a defendant's ability to understand the consequences of a guilty plea in order to make an informed decision about whether to enter one. Plea counsel's inaccurate advice deprived Akande of this ability, and in doing so denied Akande the Sixth Amendment right to effective assistance of counsel.

For the foregoing reasons, we reverse the district court's denial of Akande's § 2255 motion and remand for further proceedings consistent with this opinion.

*REVERSED AND REMANDED*

---

plea counsel's erroneous advice, he would not have pleaded guilty in the first place and instead would have insisted on going to trial.