**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 20-7756**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

   v.

BRANDON ADRON SINGLETON,

          Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Beaufort. Richard Mark Gergel, District Judge. (9:16-cr-00862-RMG-1; 9:20-cv-00236-RMG)

Submitted: November 23, 2021          Decided: December 3, 2021

Before NIEMEYER, KING, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Brandon Sample, BRANDON SAMPLE PLC, Washington, D.C., for Appellant. M. Rhett Dehart, Acting United States Attorney, Robert Frank Daley, Jr., Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brandon Adron Singleton appeals the district court's order denying relief on his 28 U.S.C. § 2255 motion. We previously granted a certificate of appealability and ordered additional briefing as to a single issue: whether the district court erred in rejecting Singleton's ineffective assistance of counsel claims in light of the Supreme Court's decision in *United States v. Gonzalez-Lopez*, 548 U.S. 140 (2006). We now affirm the district court's order.

"We review *de novo* a district court's legal conclusions in denying a § 2255 motion," including "any mixed questions of law and fact addressed by the court as to whether the petitioner has established a valid Sixth Amendment ineffective assistance claim." *United States v. Ragin*, 820 F.3d 609, 617 (4th Cir. 2016). "When . . . the district court denies relief without an evidentiary hearing, we construe the facts in the movant's favor." *United States v. Akande*, 956 F.3d 257, 261 (4th Cir. 2020).

To succeed on his ineffective assistance of counsel claims, Singleton must demonstrate that (1) his counsel's performance was constitutionally deficient and (2) that this deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687-88, 692 (1984). With respect to the performance prong, we must "apply a strong presumption that counsel's representation was within the wide range of reasonable professional assistance." *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (internal quotation marks omitted). Singleton bears the burden "to show that counsel made errors so serious that counsel was not functioning as the counsel guaranteed [him] by the Sixth Amendment." *Porter v. Zook*, 898 F.3d 408, 434 (4th Cir. 2018) (internal quotation marks

2

omitted). To demonstrate prejudice, Singleton must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

The Supreme Court has held that the Sixth Amendment allows "a defendant who does not require appointed counsel to choose who will represent him." *Gonzalez-Lopez*, 548 U.S. at 144. The "erroneous deprivation of the right to counsel of choice, with consequences that are necessarily unquantifiable and indeterminate, unquestionably qualifies as structural error." *Id.* at 150 (internal quotation marks omitted). However, the Supreme Court "recognized a trial court's wide latitude in balancing the right to counsel of choice against the needs of fairness, and against the demands of its calendar." *Id.* at 152 (citation omitted).

Although Singleton contends that he need not establish prejudice on his ineffective-assistance claims, we conclude that this contention is foreclosed by *Weaver v. Massachusetts*, 137 S. Ct. 1899 (2017). In *Weaver*, the petitioner's counsel failed to object to the closure of the courtroom to the public during jury selection. *Id.* at 1905. The Court assumed that this constituted deficient performance on the part of counsel. *Id.* And the Court reiterated that "a violation of the right to a public trial is a structural error," *id.* at 1908, just as the denial of the right to counsel of choice is. The Court held that:

> when a defendant raises a public-trial violation via an ineffective-assistance-of-counsel claim, *Strickland* prejudice is not shown automatically. Instead, the burden is on the defendant to show either a reasonable probability of a different outcome in his or her case or, as the Court has assumed for these purposes, to show that the particular public-trial violation was so serious as to render his or her trial fundamentally unfair.

3

*Id.* at 1911 (citation omitted).

We conclude that Singleton cannot meet this showing. Singleton's counsel argued many objections to the probation officer's advisory Sentencing Guidelines calculations. Moreover, counsel presented two witnesses that persuaded the district court to impose a lesser sentence. Singleton does not present any alternative argument that a different attorney would have presented that could have resulted in him receiving a lesser sentence, nor does it appear that he wishes to vacate his guilty plea, as almost all of the allegations relate to his post-plea relationship with counsel. Furthermore, Singleton cannot show that his proceeding was fundamentally unfair—he was represented by competent counsel throughout the sentencing process. *See United States v. Thomas*, 750 F. App'x 120, 128 (3d Cir. 2018) (concluding defendant who raised denial of counsel claim in the ineffective-assistance context could not show the proceedings were fundamentally unfair because while he "did not have retained counsel, he was not denied the right to counsel as he had a court-appointed lawyer at all relevant times").

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*