**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――――

**No. 20-7402**

―――――――――――

UNITED STATES OF AMERICA,

　　　　　Plaintiff - Appellee,

　　v.

CHICOBE ANTRELL WILLIAMS,

　　　　　Defendant - Appellant.

―――――――――――

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville.  James C. Dever III, District Judge.  (4:17-cr-00022-D-1; 4:19-cv-00136-D)

―――――――――――

Submitted:  October 2, 2023　　　　　　　　Decided:  November 27, 2023

―――――――――――

Before AGEE and RICHARDSON, Circuit Judges, and MOTZ, Senior Circuit Judge.

―――――――――――

Dismissed in part, vacated in part, and remanded by unpublished per curiam opinion.

―――――――――――

Chicobe Antrell Williams, Appellant Pro Se.  Andrew Kasper, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

―――――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Chicobe Antrell Williams appeals from the district court's order denying his 28 U.S.C. § 2255 motion. We previously granted a certificate of appealability and directed briefing as to whether the district court erred in denying Williams' ineffective assistance of counsel claim regarding trial counsel's failure to raise *United States v. McCollum*, 885 F.3d 300 (4th Cir. 2018), when challenging the application of the career offender enhancement. Having reviewed the parties' submissions, we dismiss in part, vacate in part, and remand for further proceedings to include resentencing.

We "review[] de novo a district court's legal conclusions in denying a [§] 2255 motion." *United States v. Cannady*, 63 F.4th 259, 265 (4th Cir. 2023) (internal quotation marks omitted). A claim of ineffective assistance of counsel presents a mixed question of law and fact that we likewise review de novo. *United States v. Ragin*, 820 F.3d 609, 617 (4th Cir. 2016). "When . . . the district court denies relief without an evidentiary hearing, we construe the facts in the movant's favor." *United States v. Akande*, 956 F.3d 257, 261 (4th Cir. 2020).

To establish ineffective assistance, Williams must demonstrate "that counsel's performance was [constitutionally] deficient" and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the performance prong, Williams must demonstrate "that counsel's representation fell below an objective standard of reasonableness" as evaluated "under prevailing professional norms." *Id*. at 688. This standard requires "a court [to] indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*.

2

at 689. "This assistance should, among other things, be legally competent, include relevant research, and raise important issues." *Cannady*, 63 F.4th at 265.

To demonstrate prejudice, Williams must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* "When there is an error regarding the Guidelines range . . . [,] the error itself can, and most often will, be sufficient to show a reasonable probability of a different outcome absent the error." *Cannady*, 63 F.4th at 265 (internal quotation marks omitted). "Thus, if counsel fails to object to the erroneous application of the career offender enhancement, that alone can be sufficient to demonstrate prejudice." *Id.*

At the June 4, 2018, sentencing hearing, the district court found that Williams' two North Carolina felony convictions for conspiracy to sell cocaine in violation of N.C. Gen. Stat. § 90-98 (2022),[1] qualified as controlled substance offenses for purposes of the career offender enhancement. *See* U.S. Sentencing Guidelines Manual §§ 4B1.1, 4B1.2(b) (2016). Based on a total offense level of 29 and a criminal history category of VI,[2] the

---

[1] Section 90-98 has not been amended since Williams committed the predicate offenses in 2007 and 2012.

[2] In the presentence report, the probation officer assessed 17 criminal history points; thus, Williams' criminal history category was VI, even without the career offender enhancement.

3

district court calculated an advisory Sentencing Guidelines range of 151 to 188 months' imprisonment and sentenced Williams to 151 months.

In his § 2255 motion, Williams argued that his counsel was ineffective for failing to argue at sentencing that our decision in *McCollum* advised against application of the career offender enhancement.   In *McCollum*, we considered whether a defendant's prior conviction for conspiracy to commit murder in aid of racketeering, 18 U.S.C. § 1959(a)(5), categorically qualified as a crime of violence for purposes of the career offender enhancement.  885 F.3d at 307.  We explained that the generic definition of "conspiracy" applied to the Guidelines, *id.* at 307-08, and "that an overt act [was] an element of the generic definition of conspiracy," *id.* at 308 (internal quotation marks omitted).  Because obtaining a conspiracy conviction under § 1959(a)(5) did not require proof of an overt act, the statute necessarily "criminalize[d] a broader range of conduct than that covered by generic conspiracy." *Id.* at 309.  Therefore, a § 1959(a)(5) conspiracy conviction was not categorically a crime of violence for purposes of the career offender enhancement. *Id.*; *see Cannady*, 63 F.4th at 264 (explaining holding in *McCollum*).

Williams also contended that North Carolina conspiracy did not require proof of an overt act. *See State v. Mylett*, 822 S.E.2d 518, 527 (N.C. Ct. App. 2018) ("[N]o overt act is necessary to complete the crime of conspiracy." (internal quotation marks omitted)). Thus, Williams asserted in his § 2255 motion that counsel performed deficiently by failing to argue that *McCollum*—which issued more than two months before Williams' sentencing—strongly suggested that North Carolina conspiracy under § 90-98 criminalized a broader range of conduct than generic conspiracy, and it was therefore not categorically

4

a controlled substance offense for purposes of the career offender enhancement.[3] Williams next asserted that counsel's error prejudiced him because Williams' advisory Guidelines range without the career offender enhancement would have been 51 to 63 months' imprisonment, based on a total offense level of 17, as opposed to 151 to 188 months' imprisonment with the enhancement. Williams maintains this claim of error on appeal.

We recently addressed a similar issue in *Cannady*, where the district court sentenced the defendant as a career offender based on his prior conviction for conspiracy to distribute cocaine under § 846. 63 F.4th at 263. In a § 2255 motion, the defendant argued that his counsel provided ineffective assistance by failing to argue, based on *McCollum*, that his § 846 conviction did not categorically qualify as a controlled substance offense for purposes of the career offender enhancement. *Id.* at 264. The district court denied the motion. *Id.* at 265.

We granted a certificate of appealability in *Cannady*, vacated the district court's judgment, and remanded for resentencing. *Id.* at 265, 269. We determined that counsel's failure to raise *McCollum* against the career offender enhancement constituted deficient performance because "[a] straightforward application of *McCollum* to [defendant's] case [made] clear that conspiracy to distribute cocaine in violation of § 846 [was] not a categorical match for generic conspiracy." *Id.* at 268-69. We explained that, under these

---

[3] One year after Williams' sentencing, we "definitively held that [21 U.S.C.] § 846 [drug] conspiracy offenses do not qualify as controlled substance offenses based on a 'straightforward application of *controlling precedent*'—namely, *McCollum*." *Cannady*, 63 F.4th at 268 n.3 (quoting *United States v. Norman*, 935 F.3d 232, 238-39 (4th Cir. 2019)).

5

circumstances, "the failure to object to the career offender enhancement on [*McCollum*] ground[s did] not qualify as sound legal strategy." *Id.* at 269. We next determined that the defendant demonstrated prejudice because the district court had imposed a sentence two times longer than the high end of what the Guidelines range would have been without the career offender enhancement. *Id.*

On appeal, the Government argues that, at the time the district court sentenced Williams, we had stated, in *United States v. Kennedy*, 32 F.3d 876, 888 (4th Cir. 1994), that § 846 "conspiracy to distribute cocaine . . . would clearly qualify as a career offender offense under the Guidelines." The Government asserts that it was not until *United States v. Norman*, 935 F.3d 232, 237-39 (4th Cir. 2019), which issued after Williams' sentencing, that we held that a § 846 conspiracy did not categorically qualify as a controlled substance offense under the Guidelines. Thus, in the Government's view, reasonable counsel at the time of Williams' sentencing would not have performed deficiently by relying on *Kennedy* in the context of a controlled substance offense.

However, we have already considered—and rejected—this same argument. In *Cannady*, we acknowledged that, "when [the defendant] was sentenced in 2015, [we] had long treated § 846 conspiracy offenses as controlled substance offenses under the Guidelines." 63 F.4th at 267 (citing *Kennedy*, 32 F.3d at 888). Still, we stressed that—by 2018—"the *McCollum* [c]ourt held that generic conspiracy under the Guidelines requires an overt act." *Id.* As we explained, "post-*McCollum*, Fourth Circuit precedent strongly suggested that conspiracy under § 846 no longer qualified as a controlled substance offense." *Id.* at 268 (internal quotation marks omitted). Thus, *McCollum* itself provided

6

sufficient grounds for counsel to argue against the career offender enhancement if it was based on a drug conspiracy conviction that did not require proof of an overt act.

Here, as in *Cannady*, counsel failed to argue at Williams' sentencing that "[a] straightforward application of *McCollum* to [Williams'] case [made] clear that" the state drug conspiracy convictions did not qualify as controlled substance offenses for purposes of the career offender enhancement. *See id.* at 268. Therefore, we conclude that Williams demonstrated deficient performance.

Turning to prejudice, what the Guidelines range would have been absent the career offender enhancement is unclear because the district court deemed moot two of Williams' objections to his Guidelines range in light of its application of the career offender enhancement. Nonetheless, the record confirms that Williams' Guidelines range would have been significantly lower absent the career offender enhancement, satisfying the prejudice prong.[4] Thus, we conclude that Williams demonstrated deficient performance and prejudice and that the district court erred in denying his § 2255 motion. We leave the precise determination of Williams' Guidelines range for the district court to calculate at a resentencing hearing.

---

[4] On appeal, the Government contends that Williams cannot demonstrate prejudice because the district court stated at sentencing that it would have imposed the same sentence as an alternative variant sentence, rendering harmless any Guidelines error. However, a district court's proclamation that "it would have imposed an identical sentence as a variance, regardless of the calculated Guidelines range," does not apply "in the *Strickland* prejudice context." *United States v. Freeman*, 24 F.4th 320, 332 (4th Cir. 2022) (en banc).

Accordingly, we vacate the district court's judgment and remand for further proceedings to include resentencing with respect to the issue on which we granted a certificate of appealability.  We deny a certificate of appealability and dismiss the appeal as to Williams' remaining claims.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART*
*VACATED IN PART,*
*AND REMANDED*